LESTER R. HYLAND, APPELLEE AND CROSS-APPELLANT, V. STATE OF NEBRASKA, DEPARTMENT OF MOTOR VEHICLES OF STATE OF NEBRASKA, ET AL., APPELLANTS AND CROSS-APPELLEES.

235 N. W. 2d 236

Filed November 20, 1975. No. 39955.

Paul L. Douglas, Attorney General, and Steven C. Smith, for appellants.

Baskins & Rowlands, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

McCOWN, J.

This is an appeal from a judgment of the District Court reversing and holding for naught an order of the Department of Motor Vehicles revoking the driver's license of plaintiff under the point system. The State has appealed.

.. Five traffic violations and five abstract for conviction reports were involved. On July 15, 1972, the plaintiff appeared in justice of the peace court in Ogallala, Nebraska, and entered a plea of guilty to a complaint of speeding. The court found the plaintiff guilty and entered a judgment of conviction assessing a fine and costs, which were paid. The abstract for conviction was forwarded to the Department of Motor Vehicles and the department assessed three points against the record of the plaintiff.

On September 24, 1972, the plaintiff was charged with violation of a flashing red stop light. He appeared in the police court in North Platte, Nebraska, entered a plea of guilty, was found guilty as charged, and paid the fine and costs assessed in the judgment of conviction. On that abstract the Department of Motor Vehicles assessed two points.

The last three violations occurred on January 15, 1973, July 13, 1973, and April 20, 1974. In each case a complaint was filed in the county court of Lincoln County, Nebraska. Each case charged speeding at a specified rate of speed. In each case an appearance waiver and plea of guilty was signed by the plaintiff or his counsel, and in each case plaintiff paid a specified fine and court costs. The waiver forms do not show the date of the violation nor the offense with which the plaintiff had been charged. The record and abstract in each of the three cases do not show an acceptance of the plea of guilty nor the entry of any judgment of conviction.

The Department of Motor Vehicles assessed three points for each of the two 1973 violations and one point for the violation of April 20, 1974. On April 29, 1974, based upon the points accumulated, the Department of Motor Vehicles entered its order revoking the driver's license of plaintiff for a period of 1 year.

Copies of all the records of the courts pertaining to the traffic violations involved here were introduced and

received in evidence, and the parties stipulated that those records were complete and constituted all the records of the particular court pertaining to the violations. The District Court found that the three alleged convictions from the county court of Lincoln County, Nebraska, were not supported by a judgment of conviction as required by section 39-669.22, R. R. S. 1943, and did not constitute convictions upon which points can be assessed against the driver's license of plaintiff, and reversed the order of revocation of the Department of Motor Vehicles and held it for naught.

Section 39-669.22, R. R. S. 1943, requires that: "Every court in this state shall make complete records, including the judgment of conviction * * *" in every case in which a person is charged with violation of traffic regulations. It also provides in part that: "In the event that such person is convicted, * * * a certified abstract of such judgment as provided in section 39-669.24 shall be sent forthwith by the court to the Director of Motor Vehicles; * * *."

Section 39-669.24, R. R. S. 1943, requires that the abstract for conviction report "shall include all necessary information as to the parties to the case, the nature of the offense, the date of hearing, the plea, the judgment, and the amount of the fine or forfeiture, as the case may be. Every such abstract shall be certified by the judge or clerk of any court of record as a true abstract of the record of the court." That section also provides: "The Director of Motor Vehicles shall have authority to revoke or suspend operators' licenses only when positively directed to do so by the terms of the certified abstract of *the judgment of conviction* forwarded to him by the trial court, except as otherwise provided * * *." (Emphasis ours.)

The State tacitly concedes that the records and the abstract here do not show any judgment of conviction by the court as to the three violations in the county court of Lincoln County. The State, however, contends

that a waiver of appearance and plea of guilty signed by the person charged should be treated as a "judgment of conviction," at least when accompanied by the payment of some amount shown to be a fine and costs. We find no authority to support that position where there is no acceptance of the guilty plea and no record of a conviction or judgment of conviction by the court.

Only two possibilities are present here. Either the court accepted the guilty plea and made a judgment of conviction, and by error, oversight, or omission that judgment of conviction was never entered and recorded; or no judgment of conviction was ever made. In the first case, the situation may be remedied by the entry of a nunc pro tunc order. In the second case, the matter is still pending before the court and judgment of conviction may be entered at any time. In either case, the records of the court, until they are corrected, are insufficient to support the abstracts of conviction and the order of revocation here.

The judgment of the District Court was correct and is affirmed.

AFFIRMED.