**IOWA BEER AND LIQUOR CONTROL DEPARTMENT, Appellant,**

v.

**Roderick McBLAIN d/b/a J & R Lounge, Appellee.**

No. 2–59759.

Supreme Court of Iowa.

Oct. 19, 1977.

Richard C. Turner, Atty. Gen., and Jim P. Robbins, Asst. Atty. Gen., for appellant.

Martin R. Dunn, Des Moines, for appellee.

Submitted to MOORE, C. J., and RAWL-INGS, REES, UHLENHOPP and McCOR-MICK, JJ.

REES, Justice.

The appellant, Iowa Beer and Liquor Control Department, appeals a ruling of the trial court in an action for judicial review of an administrative proceeding that a deferred sentence under § 789A.1, The Code, on a charge of selling beer to a minor is not a "conviction" warranting a suspension of a liquor license under § 123.50(3)(a), The Code.

There is no dispute as to the facts. On June 30, 1975 an employee of defendant-appellee McBlain was found guilty of selling beer to a minor in violation of § 123.-49(2)(h), The Code. Sentencing was deferred pending defendant's good behavior pursuant to chapter 789A, Code of Iowa, 1975.

As the result of the hearing and the conviction of the defendant's employee, the director of the Iowa Beer and Liquor Control Department issued an order pursuant to § 123.49(2)(h) suspending the liquor license of Roderick McBlain, d/b/a J & R Lounge, for a period of 14 days for the first conviction under § 123.50(3)(a) and for a period of 30 days for the second conviction under § 123.50(3)(b). A request by the licensee for stay of the suspension pending appeal to the Departmental Hearing Board was refused, and on September 30, 1975 a temporary injunction issued enjoining the suspension of the Class C liquor license of the defendant.

The administrative appeal was held before the Departmental Hearing Board on October 17, 1975, which resulted in the issuance of a decision by the board on October 27, 1975. The board found there were two "convictions" referring to two separate sales of alcoholic beverages to minors which occurred on May 8, 1975 and May 13, 1975. The suspension of the license was enjoined further to permit the licensee to seek judicial review. After submission of briefs and a hearing on June 2, 1976, the trial court ruled that defendant's license could not be suspended because there had not been a "conviction" in the light of the fact that

sentences in both claimed violation situations had been deferred.

From such ruling the Iowa Beer and Liquor Control Department has appealed to this court.

Appellant contends it has the authority to suspend defendant's liquor license under § 123.50(3)(a) and § 123.50(3)(b), The Code, because an employee of defendant was given a deferred sentence under § 789A.1 on a charge of selling beer to a minor in violation of § 123.49(2)(h). This contention is without merit. Sections 123.50(3)(a) and 123.50(3)(b) give appellant the authority to suspend defendant's license if the employee was convicted of violating § 123.49(2)(h). No conviction of any such charge was obtained against that employee. He was given a deferred sentence; if he successfully completes his probation, the only record that the charge ever existed will be in the court administrator's office. Only if his probation is revoked will he be convicted, and that has not happened. See *State v. Farmer,* 234 N.W.2d 89, 92 (Iowa 1975). Therefore, the court below was correct in finding there had been no conviction and that appellant did not have the power to suspend defendant's liquor license in this instance.

AFFIRMED.