STATE OF NEBRASKA, APPELLEE, V. MARY P. MCKAIN, APPELLANT.

434 N.W.2d 10

Filed January 6, 1989.   No. 88-498.

William G. Látka, of Kelley, Kelley & Lehan, P.C., for appellant.

Robert M. Spire, Attorney General, and David Edward Cygan for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

PER CURIAM.

Defendant, Mary P. McKain, was charged in the county court for Sarpy County with refusal to submit to a chemical test, a violation of Neb. Rev. Stat. § 39-669.08 (Supp. 1987). McKain agreed to plead no contest to the charge in exchange for the State's dismissing other charges contained in the complaint. On November 18, 1987, McKain's plea of no contest was accepted by the county court, and McKain was found guilty. Sentencing, however, was postponed.

On February 12, 1988, McKain was sentenced for her violation of the implied consent law (refusal to submit to a chemical test). At the same hearing, but before sentence was handed down for the implied consent violation, McKain was sentenced for DWI arising out of a separate incident. The county court imposed the statutory maximum sentence on the DWI charge (which includes a 6-month license suspension) and then proceeded to sentence McKain for refusal to submit to a chemical test. The court sentenced McKain to pay a $500 fine and serve 30 days in jail, and ordered that her "motor vehicle operator's license and driving privileges are suspended for a period of six months to run consecutively to the suspension" imposed on the DWI conviction. McKain appeals, contending that the county court was without authority to order suspension of her driving privileges to run consecutively to the DWI suspension.

At the time of McKain's sentencing, the implied consent law provided that

> the court shall, as part of the judgment of conviction, order [persons convicted] not to drive any motor vehicle in the State of Nebraska for any purpose for a period of six months from the date of his or her conviction and shall order that the operator's license of such person be revoked for a like period.

§ 39-669.08. We note that, effective July 9, 1988, a court is empowered to order a license suspension to commence on any date named by the court. § 39-669.08 (Reissue 1988). McKain argues that, under § 39-669.08 as it existed when she was sentenced, her license suspension should have commenced on November 18, 1987, the date her no-contest plea was accepted.

The statutory language of § 39-669.08 clearly and unambiguously authorizes suspension of McKain's license for 6 months "from the date of . . . her conviction." " ' "A plea of guilty, accepted and entered by the court, is a conviction or the equivalent of a conviction of the highest order, the effect of which is to authorize the imposition of the sentence prescribed by law . . . ." ' " *Taylor v. State,* 159 Neb. 210, 213, 66 N.W.2d 514, 516 (1954). See, also, *Stewart v. Ress,* 164 Neb. 876, 83 N.W.2d 901 (1957). Equally, a plea of no contest, when voluntarily entered and accepted by the court, is a conviction, empowering the court to impose the sentence authorized by statute. In this case, the sentence authorized by § 39-669.08 was suspension of McKain's license for 6 months from November 18, 1987, the date of her conviction. Suspension of McKain's license for any period beyond the 6 months immediately following her conviction is unauthorized by statute and is, therefore, void.

Pursuant to Neb. Rev. Stat. § 29-2308 (Reissue 1985), we modify McKain's sentence to include a 6-month suspension running from November 18, 1987.

In all other respects, the sentence imposed by the county court is valid and is affirmed.

AFFIRMED AS MODIFIED.