JERRY L. JACOBSON, APPELLANT, v. MARGARET L. HIGGINS, DIRECTOR, DEPARTMENT OF MOTOR VEHICLES, STATE OF NEBRASKA, AND DEPARTMENT OF MOTOR VEHICLES, STATE OF NEBRASKA, APPELLEES.

500 N.W.2d 558

Filed May 28, 1993.    No. S-90-053.

Brad Roth, of Sennett & Roth, for appellant.

Don Stenberg, Attorney General, and Paul N. Potadle for appellees.

Hastings, C.J., Boslaugh, White, Caporale, Shanahan, Fahrnbruch, and Lanphier, JJ.

Fahrnbruch, J.

Jerry L. Jacobson seeks further review of a Nebraska Court of Appeals decision that affirmed the revocation of his driver's license because he accumulated 12 points due to traffic violations.

We reverse the decision of the Court of Appeals and remand the cause with directions.

## FACTS

On May 5, 1989, Jacobson's driver's license was revoked pursuant to Neb. Rev. Stat. § 39-669.27 (Reissue 1988) by Margaret L. Higgins, director (Director) of the Department of Motor Vehicles (DMV). Higgins ordered Jacobson's license revoked for 3 years because he accumulated 12 traffic violation points within the 2 previous years. The normal 6-month revocation, see § 39-669.27, was increased because Jacobson had had a prior license revocation within the previous 5 years. See Neb. Rev. Stat. § 39-669.30 (Reissue 1988).

The Director found that Jacobson had accumulated a total of 13 traffic violation points after allegedly being convicted of 8 separate traffic violations between April 6, 1987, and December 2, 1988. Section 39-669.27 requires only 12 traffic violation points for revocation of a motor vehicle operator's license.

At issue are violations reported to the Director regarding Jacobson's alleged convictions that resulted in (1) two points for speeding in Nuckolls County on April 6, 1987; (2) two points for speeding in Platte County on November 23, 1987; and (3) one point for speeding in Wyoming on November 28, 1987.

Jacobson appealed his license revocation to the district court for Custer County, where the order of the Director was affirmed. The Court of Appeals affirmed the judgment of the district court. See *Jacobson v. Higgins*, 1 NCA 1791 (1992). We

granted Jacobson's petition for further review.

## ASSIGNMENTS OF ERROR

Jacobson claims that the Court of Appeals erred in (1) determining that the Director properly relied on a driving abstract from Nuckolls County, notwithstanding the fact that the abstract did not show judicial acceptance of Jacobson's guilty plea, and notwithstanding the Court of Appeals' ruling in *City of Beatrice v. Dienstbier*, 1 NCA 532 (1992); (2) sustaining the order of the Director, because the abstract from the State of Wyoming did not clearly indicate that Jacobson's conviction was a result of forfeiture of a bond; and (3) sustaining the order of the Director, because the Platte County abstract was not certified by a judge or clerk of that court.

## STANDARD OF REVIEW

In an appeal of a revocation of a motor vehicle operator's license, the district court hears the appeal as in equity without a jury and determines anew all questions raised before the Director. See Neb. Rev. Stat. § 60-4,105(1) (Cum. Supp. 1992). An appellate court's review of a district court's review of a decision of the Director of DMV is de novo on the record. *Larson v. Jensen*, 228 Neb. 799, 424 N.W.2d 352 (1988).

## NUCKOLLS COUNTY ABSTRACT

Jacobson claims that the Court of Appeals erred in holding that the Director properly relied upon a driving abstract from Nuckolls County in assessing points against his driver's license. He argues that (1) the Court of Appeals' holding in his case is contrary to its holding in *Dienstbier* and (2) a guilty plea alone may not be used to support a judgment of conviction in the absence of a judicial acceptance of that plea. These arguments arise from the Court of Appeals' statement in *Dienstbier* that "[w]henever a guilty plea is utilized to support a judgment of conviction it must appear from the record that there was a judicial acceptance of that plea. Neb. Rev. Stat. § 39-669.22 (Reissue 1988)." 1 NCA at 534.

In *Jacobson*, 1 NCA at 1793, the Court of Appeals held that the requirement of § 39-669.24 that an abstract of conviction contain a record of the judgment is satisfied if

the abstract of conviction contains a record of the judgment of conviction. [Citations omitted.] *The statutes contain no requirement that there be a record of acceptance of the guilty plea, and the cases construing the statutes do not impose such a requirement.*

(Emphasis supplied.) To resolve the apparent conflict, we first examine the Court of Appeals' holding in *Dienstbier* in light of this court's holdings in two prior cases.

In *Hyland v. State*, 194 Neb. 737, 235 N.W.2d 236 (1975), Hyland's motor vehicle operator's license was revoked under the point system. The abstracts for three of the violations relied upon each indicated a waiver, plea of guilty, and payment of a fine and court costs by Hyland. None of the three abstracts indicated the date of violation or the offense with which Hyland was charged. Moreover, "[t]he record and abstract in each of the three cases [did] not show an acceptance of the plea of guilty *nor the entry of any judgment of conviction.*" (Emphasis supplied.) *Id.* at 738, 235 N.W.2d at 237.

The State urged that Hyland's waiver of appearance and plea of guilty be treated as a judgment of conviction. This court refused to draw that inference. We stated that there was no authority to support such a position "where there [was] no acceptance of the guilty plea and no record of a conviction or judgment of conviction by the court." *Id.* at 740, 235 N.W.2d at 238. This court held that such records were insufficient to support the abstracts of conviction and the order revoking Hyland's motor vehicle operator's license. The court's analysis makes it clear that acceptance of a guilty plea and entry of a judgment of conviction are two separate actions of the court and that it is a *judgment of conviction* which is statutorily required to be shown by the record.

In *Miller v. Peterson*, 208 Neb. 658, 305 N.W.2d 364 (1981), this court relied on *Hyland* to determine whether points had been properly assessed against Miller's motor vehicle operator's license. The record contained a certified copy of the docket sheet *which had been completely filled out but had not been signed by a judge.* There was also a waiver and plea of guilty signed by Miller. The court found the absence of the judge's signature was fatal to consideration of the abstract, and it

refused to speculate whether the judge had acted on the plea and simply neglected to affix his signature or whether no action had been taken and the case was actually still pending.

Although in its opinion this court did not state a rule on judicial acceptance of a guilty plea, the following appeared in the first syllabus point of the case:

> Whenever a guilty plea is utilized to support a judgment of conviction used to support an order revoking a motor vehicle operator's license under Neb. Rev. Stat. § 39-669.27 (Reissue 1978), and it is challenged in District Court, it must appear from the record that there was a judicial acceptance of that plea.

*Miller* stands only for the proposition that there can be no judicial acceptance of a guilty plea in the absence of an official judgment of conviction. As Jacobson correctly argues, the mere entry of a guilty plea, standing alone, is insufficient to support a judgment of conviction. Neither *Hyland* nor *Miller* addresses the issue of whether the court is required to check a box on the abstract form indicating acceptance of a guilty plea, nor may either case be read to require such an entry.

Next we turn to the question of whether the Court of Appeals properly applied the *Miller* rule to *Dienstbier*. Unlike the present case, in which Jacobson claims there was no judicial acceptance of his guilty plea, Dienstbier conceded that the county court had accepted his guilty pleas and had entered judgments of conviction. Apparently, the issue was whether the singular word "offense" on Dienstbier's citation was capable of being interpreted to mean that Dienstbier had pled guilty to two offenses. The Court of Appeals held that it could be, and affirmed Dienstbier's convictions.

Because Dienstbier conceded that the county court had accepted his guilty pleas and had entered a judgment of conviction, neither of those issues was before the Court of Appeals. The *Miller* rule was not necessary to the determination of any issue before that court in *Dienstbier*, and we disaffirm such language while noting that this has no effect on the Court of Appeals' holding in that case. Having determined that no case law requires an abstract of conviction to formally indicate judicial acceptance of a guilty plea in

addition to a judgment of conviction, we find that the Court of Appeals' holding in *Jacobson* is not inconsistent with its previous holding in *Dienstbier*.

However, this does not end our analysis. As this court noted in *Hyland*, and as the Court of Appeals recognized in its *Jacobson* opinion, the requirements for driving abstract records are governed by statute. The Court of Appeals incorrectly concluded that Jacobson's Nuckolls County abstract was statutorily adequate. Neb. Rev. Stat. § 39-669.22 (Reissue 1984), which set forth the recordkeeping and reporting requirements for traffic offenses at the time Jacobson received his Nuckolls County citation, states: "Every court in this state *shall make complete records*, including the judgment of conviction and orders of probation, of every case in which a person is charged with violation of [certain traffic laws] . . . ." (Emphasis supplied.)

Section 39-669.22 must be read in conjunction with Neb. Rev. Stat. § 39-669.24 (Reissue 1988), which mandates that courts of the state use standard forms for abstracts of conviction in order to ensure uniformity of recordkeeping of driver's license suspensions and revocations. Section 39-669.24 specifies that an abstract for conviction of traffic violations must include all necessary information as to (1) the parties to the case, (2) the nature of the offense, (3) the date of hearing, (4) the plea, (5) the judgment, and (6) the amount of the fine or forfeiture. Considering the two statutes together, it is apparent that the "complete records" required by § 39-669.22 must include "all necessary information" enumerated in § 39-669.24. Judicial acceptance of a guilty plea is not among the necessary information required by § 39-669.24. To the extent that the first syllabus point in *Miller* is inconsistent with § 39-669.24, by its requiring an abstract of conviction to indicate judicial acceptance of a guilty plea in addition to an official judgment of conviction, that construction is disapproved.

We now analyze Jacobson's Nuckolls County abstract for compliance with the requirements of § 39-669.24, bearing in mind that a licensee whose driver's license has been revoked by DMV under the point system has the burden of proof on appeal

to the district court. See *Lutjemeyer v. Dennis*, 186 Neb. 46, 180 N.W.2d 679 (1970).

In his petition on appeal, Jacobson alleged that the revocation of his motor vehicle operator's license was unwarranted due to the fact that, inter alia, the abstract of conviction from Nuckolls County was insufficient to support his conviction. The transcript of Jacobson's revocation hearing, provided to the district court by DMV at Jacobson's request, contained a photocopy of the Nuckolls County abstract. Much of that abstract is illegible.

In the district court, Jacobson's abstract of judgment from Nuckolls County was offered by counsel for the State as exhibit 4. Jacobson's counsel objected to the offer on foundation, stating, "[T]here is no acceptance of the plea in this exhibit." Exhibit 4 was received in evidence. In its order of December 15, 1989, affirming the order of the Director, the court found that "[w]hile Appellant argues that the Nuckolls county conviction is deficent [sic] for lack of acceptance of a plea, the abstract does show a finding of 'guilty'. This is suffcient [sic] under Section 39-669.24 NEB. REV. STAT. (Reissue 1988)."

Our de novo review of the record reveals that exhibit 4 is also a photocopy of the Nuckolls County abstract and that the photocopy suffers from the same shortcomings as the copy of the abstract in the transcript, that is, much of it is illegible. Both copies indicate that the party is Jerry L. Jacobson, that the offense is "speeding 66 mph in 55 mph zone," and that Jacobson entered a plea of guilty by waiver on June 4, 1987. It is impossible to determine from the state of the record whether the Nuckolls County court accepted Jacobson's guilty plea or whether a finding of guilty was made. The most that can be said is that the abstract indicates that the court assessed a "$13.00 fine and $21.00 costs."

We could perhaps conclude from the court's assessment of a fine that it found Jacobson guilty. However, this court is not at liberty to indulge in speculation while ignoring the clear requirements of § 39-669.24 that an abstract of conviction include *both* the judgment *and* the amount of fine or forfeiture. Effect must be given, if possible, to all parts of a statute; no sentence, clause, or word should be rejected as meaningless or

superfluous if it can be avoided. *Canas v. Maryland Cas. Co.*, 236 Neb. 164, 459 N.W.2d 533 (1990).

Because the statutorily required judgment of conviction does not appear on the face of the Nuckolls County abstract, Jacobson has made out a prima facie case of its invalidity. Production of prima facie proof on an issue shifts to an adversary the burden of producing evidence to the contrary. See *Bituminous Casualty Corp. v. Deyle*, 234 Neb. 537, 451 N.W.2d 910 (1990). By introducing into evidence largely illegible photocopies of Jacobson's Nuckolls County abstract, the State failed to meet its burden, and the district court and the Court of Appeals erred in finding that the Nuckolls County abstract shows a judgment of conviction. The Director was not entitled to rely on the Nuckolls County abstract in revoking Jacobson's motor vehicle operator's license because it contained no judgment of conviction, and such reliance constitutes reversible error.

## WYOMING FORFEITURE

Jacobson next argues that his Wyoming conviction was not validly assessed against his driver's license because the ticket did not clearly indicate whether a guilty or not guilty plea was entered or whether the conviction resulted from a forfeiture of bond. The record shows that on November 28, 1987, Jacobson received a ticket in Carbon County, Wyoming, for speeding 71 m.p.h. in a 65-m.p.h. zone in violation of Wyoming statute "31-5-301biii." The front of the ticket indicates that Jacobson was to appear in court on January 7, 1988, that he posted a $10 bond, and that he was permitted to forfeit his bond "in lieu of appearance." The back of the ticket is titled at the top "Abstract of Court Record." A square marked "Forfeiture" is checked and dated January 4, 1988. The abstract indicates that $5 was allocated to "Fine/Forfeiture" and $5 to "Court Costs," for a total of $10, the amount of Jacobson's bond.

The Wyoming abstract clearly indicates a forfeiture. It cannot be seriously argued otherwise. Whether Jacobson's forfeiture of bond in Wyoming may be used to assess points against his Nebraska driver's license is governed by the provisions of the Driver License Compact (Compact), in

addition to § 39-669.27.

The Compact, which has been adopted by both Nebraska and Wyoming, states in relevant part:

ARTICLE I

Definitions

As used in this compact:

. . . .

(c) *Conviction means a conviction of any offense related to the use or operation of a motor vehicle* which is prohibited by state law . . . or a *forfeiture of bail, bond, or other security* deposited to secure appearance by a person charged with having committed any such offense, and which conviction or forfeiture is *required to be reported to the licensing authority*.

ARTICLE II

Reports of Conviction

The licensing authority of a party state shall report each conviction of a person from another party state occurring within its jurisdiction to the licensing authority of the home state of the licensee. Such report shall clearly identify the *person* convicted; describe the *violation* specifying the section of the statute . . . violated; identify the *court* in which action was taken; indicate whether a *plea of guilty or not guilty* was entered, or the conviction was a result of the *forfeiture of bail, bond or other security*; and shall include any *special findings* made in connection therewith.

ARTICLE III

Effect of Conviction

. . . .

(b) . . . [T]he licensing authority in the home state shall give such effect to the conduct as is provided by the laws of the home state.

(Emphasis supplied.) 2A Neb. Rev. Stat. app. T at 897-98 (Reissue 1989).

Thus, according to the provisions of the Compact, for Jacobson's Wyoming abstract to be used to assess traffic violation points in Nebraska, the following requirements must be met: (1) The Wyoming action must meet the Compact's

definition of "conviction"; (2) the conviction or forfeiture must be one which is required to be reported to Wyoming's licensing authority; (3) the Wyoming report of conviction must contain the information required by article II of the Compact; and (4) Nebraska law must provide that the conduct in question, i.e., forfeiture of bond, may be used to assess points against Jacobson's license.

Jacobson's forfeiture of bond in Wyoming is a conviction as that term is defined by article I(c) of the Compact. We therefore turn to the next step in our analysis and inquire whether Wyoming law requires a forfeiture of bond to be reported to the Wyoming licensing authority.

For the purpose of the Driver's License Act, Wyo. Stat. § 31-7-101 et seq. (Cum. Supp. 1987), § 31-7-102(a)(iv) defines "conviction" to include "an unvacated forfeiture of bail or collateral deposited to secure a defendant's appearance in court." Section 31-7-126 states:

> Every court having jurisdiction under any statute of this state . . . regulating the driving of motor vehicles, shall forward to the division [designated to administer the Driver's License Act] within ten (10) working days from the date of conviction a record of the conviction of any person in the court for a violation of any of those laws or ordinances . . . . The court shall also forward to the division a report of any violation by any person of a written promise to appear in court as given to the arresting officer upon the issuance of a traffic citation and any failure to appear in court at the time specified by the court.

The Carbon County court was required by this statute to report Jacobson's forfeiture of bond to the Wyoming licensing authority.

The third step of our analysis requires examination of the Wyoming abstract, exhibit 2, for the information required by article II of the Compact. The front of exhibit 2, which is labeled "Driver Licensing Abstract" at the bottom, identifies Jerry L. Jacobson as the defendant and indicates that "[t]he defendant did unlawfully commit the following offense against the peace and dignity of the State of Wyoming[:] Speeding

71/65, Radar 0800 in violation of W.S. . . . No. 31-5-301biii." Both the front and the back of exhibit 2 indicate the court to be Carbon County court, State of Wyoming. As already discussed, the abstract indicates that Jacobson forfeited his bond in lieu of appearance in court. We find that the Wyoming abstract meets the requirements of article II of the Compact.

Finally, article III(b) of the Compact requires that we turn to the Nebraska statutes to determine whether Jacobson's forfeiture of bond in Wyoming may be used to assess points against his driver's license in Nebraska. Neb. Rev. Stat. § 39-669.26(10)(c) (Supp. 1987), the statute in effect at the time of Jacobson's Wyoming citation, provided for one point to be assessed against the license of one convicted of speeding not more than 10 m.p.h. over the limit of 65 m.p.h. on the Interstate highways. See, also, Neb. Rev. Stat. § 39-662(2)(f) (Reissue 1988).

Section 39-669.26 further provides that "the forfeiture of bail not vacated shall be regarded as equivalent to the conviction of the offense with which the operator was charged." Nebraska law therefore gives effect to Jacobson's forfeiture of bond in the Wyoming court, and the director correctly assessed one point against Jacobson's Nebraska driver's license upon receipt of the abstract from the State of Wyoming.

## PLATTE COUNTY ABSTRACT

Finally, Jacobson argues that the Director improperly relied on a driving abstract from the Platte County court which was not certified by a judge or the clerk of the court. The record shows that the Platte County abstract of judgment was received by the district court as exhibit 3 after Jacobson's counsel indicated he had no objection to the exhibit.

In order for a defendant to contend on appeal that a trial court erred in the admission of evidence, the defendant must have objected to the admission at the time the evidence was introduced. See Neb. Evid. R. 103(1)(a), Neb. Rev. Stat. § 27-103(1)(a) (Reissue 1989). When counsel for a party specifically states in the trial court that he has no objection to the introduction of certain documents, he cannot on appeal urge that they were improperly certified or authenticated and,

for that reason, not admissible. See *State v. Tonge*, 217 Neb. 747, 350 N.W.2d 571 (1984). Jacobson waived his objection to the admission of the Platte County abstract by stating he had no objection to exhibit 3, and, therefore, this assignment of error is without merit.

## CONCLUSION

Because the State failed to meet statutory requirements that Jacobson had accumulated 12 traffic violation points, the lower appellate courts erred in affirming the revocation of Jacobson's motor vehicle operator's license by the Director of DMV. The decision of the Court of Appeals is reversed, and the cause is remanded to that court with directions to reverse the decision of the district court for Custer County and to order the district court to enter judgment in favor of Jacobson.

REVERSED AND REMANDED WITH DIRECTIONS.