MICHAEL R. MCHENRY, DOING BUSINESS AS MCHENRY'S IRISH SALOON, APPELLANT, V. NEBRASKA LIQUOR CONTROL COMMISSION, APPELLEE.

555 N.W.2d 350

Filed November 5, 1996.    No. A-95-959.

John M. Boehm for appellant.

Don Stenberg, Attorney General, and Laurie Smith Camp for appellee.

Irwin, Sievers, and Inbody, Judges.

Irwin, Judge.

## I. INTRODUCTION

Michael R. McHenry appeals from a district court order affirming the revocation of McHenry's liquor license by the Nebraska Liquor Control Commission (Commission). Because we find that McHenry had not been convicted of or pled guilty to a felony or Class I misdemeanor as contemplated by the Nebraska Liquor Control Act, we reverse the judgment and remand the case with directions.

## II. BACKGROUND

McHenry holds a liquor license in Bloomfield, Nebraska. On April 27, 1994, McHenry tendered a guilty plea in the district court for Woodbury County, Iowa, on a charge of possession of a controlled substance. The charge constituted a "serious" misdemeanor in Iowa and would have been a Class IV felony in Nebraska. See Neb. Rev. Stat. § 28-416(3) (Cum. Supp. 1994).

The guilty plea was offered pursuant to Iowa's deferred judgment and sentence statutes. See Iowa Code Ann. § 907.1 et seq. (West 1994). According to Iowa's deferred judgment and sentence statutes, the Iowa district court deferred acceptance of the plea, deferred entry of judgment, deferred sentencing, and ordered McHenry to complete a 1-year period of probation. Pursuant to the Iowa statutes, upon discharge of probation McHenry's criminal record would be expunged of the charge. See § 907.9.

On July 7, 1994, the Commission issued McHenry notice of a hearing to show cause why his liquor license should not be revoked pursuant to Neb. Rev. Stat. § 53-125(5) (Reissue 1993) because he had been "convicted of a Class I misdemeanor." On July 26, an amended notice was issued, alleging that McHenry was ineligible to hold a liquor license because he had been "convicted of or plead[ed] guilty to any felony or Class I Misdemeanor pursuant to Chapter 28, Article 4, or any similar offense in another state."

On August 4, 1994, a hearing was held before the Commission. On August 18, the Commission issued an order

finding that "the license should be revoked." McHenry appealed the Commission's order to the district court. On August 1, 1995, the district court entered an order affirming the Commission's order. This appeal timely followed.

## III. ASSIGNMENTS OF ERROR

On appeal, McHenry asserts, inter alia, that the district court erred in "its interpretation of the phrase 'pleaded guilty' as used in Neb. Rev. Stat. §53-125(5) [Cum. Supp. 1994]." McHenry also asserts that the State's position in this case was without substantial justification and that he is therefore entitled to attorney fees and expenses. Because our resolution of these two issues is dispositive of the case, we decline to address McHenry's other assigned errors. See *Kelly v. Kelly*, 246 Neb. 55, 516 N.W.2d 612 (1994).

## IV. STANDARD OF REVIEW

With regard to questions of law, which include the meaning of statutes, an appellate court is obligated to reach its conclusions independent of the legal determinations made by the administrative agency or the district court. *Central Platte NRD v. City of Fremont*, 250 Neb. 252, 549 N.W.2d 112 (1996); *Baker's Supermarkets v. State*, 248 Neb. 984, 540 N.W.2d 574 (1995); *Slack Nsg. Home v. Department of Soc. Servs.*, 247 Neb. 452, 528 N.W.2d 285 (1995).

## V. ANALYSIS

### 1. Nebraska Liquor Control Act

Neb. Rev. Stat. § 53-116.01 (Reissue 1993) provides that the Commission may revoke the license of any licensee if it is found that the licensee has violated any provision of the Nebraska Liquor Control Act. See, also, Neb. Rev. Stat. § 53-117.08 (Reissue 1993) (license of any licensee who violates provisions of Nebraska Liquor Control Act shall be suspended, canceled, or revoked). Section 53-125 (Cum. Supp. 1994) provides:

> No license of any kind shall be issued to . . . (5) a person who has been convicted of or has pleaded guilty to any Class I misdemeanor pursuant to Chapter 28, article 3, 4,

7, 8, 10, 11, or 12, or any similar offense under a prior criminal statute or in another state . . . .

In the present case, McHenry was charged with possession of a controlled substance in Iowa. Pursuant to Iowa's deferred judgment and sentence statutes, McHenry tendered a guilty plea and agreed to a 1-year period of probation. Pending McHenry's completion of the probationary period, the Iowa district court did not accept McHenry's plea, but deferred acceptance of the plea, entry of judgment, and sentencing. As a result, the primary issue in this case is whether a guilty plea that is not accepted by the court is sufficient to warrant revocation of a liquor license under § 53-125(5).

### 2. DEFERRED JUDGMENT AND VACATION OF CONVICTION

Section 907.3 of the Iowa statutes provides that upon a plea of guilty, "with the consent of the defendant, the court may defer judgment and place the defendant on probation upon such conditions as it may require. . . . Upon fulfillment of the conditions of probation, the defendant shall be discharged *without entry of judgment*." (Emphasis supplied.) Section 907.9 provides in part that "[u]pon discharge from probation, if judgment has been deferred under section 907.3, the court's criminal record with reference to the deferred judgment shall be expunged."

The Iowa Supreme Court has interpreted the deferred judgment and sentence procedures as providing a means for a defendant to avoid conviction and a judicial record of the criminal charge by satisfactorily completing a probationary period "voluntarily undertaken *before his guilt has been adjudicated*." (Emphasis supplied.) *State v. Farmer*, 234 N.W.2d 89, 92 (Iowa 1975). The Iowa Supreme Court has further noted that under the deferred judgment and sentence procedures, no conviction occurs if the defendant successfully completes probation "because *no adjudication of guilt is made*." (Emphasis supplied.) *Id.*

The Nebraska statutes provide for a somewhat similar effect, although through a markedly different procedure. Neb. Rev. Stat. § 29-2264(2) (Reissue 1995) provides that "[w]henever any person is convicted of a misdemeanor or felony and is

placed on probation by the court . . . he or she may, after satisfactory fulfillment of the conditions of probation . . . or after discharge from probation . . . petition the sentencing court to set aside the conviction." Section 29-2264(4) provides:

> The court may grant the offender's petition and issue an order setting aside the conviction when in the opinion of the court the order will be in the best interest of the offender and consistent with the public welfare. The order shall:
>
> (a) Nullify the conviction; and
>
> (b) Remove all civil disabilities and disqualifications imposed as a result of the conviction.

The Iowa deferred judgment and sentence statutes and the Nebraska statutes for vacation of convictions have a similar effect because both allow a defendant to be free from various legal consequences ordinarily associated with a conviction, including civil disabilities. The Iowa statutes allow a defendant to *prevent* the imposition of these consequences through deferred judgment and successful completion of a probationary period. The Nebraska statutes allow a defendant to *remove* these consequences through successful completion of a probationary period and subsequent vacation of the conviction. Under either procedure, a defendant becomes free from civil disabilities, such as the revocation of a liquor license. See, § 29-2264 (order setting aside conviction nullifies conviction and removes civil disabilities); *Iowa Beer and Liquor Control Dept. v. McBlain*, 263 N.W.2d 226 (Iowa 1977) (deferred sentence does not warrant suspension of liquor license).

### 3. Resolution

#### (a) Revocation of McHenry's License

The Nebraska Supreme Court has long recognized that a guilty plea, if accepted and entered by the court, is the equivalent of a conviction. *State v. McKain*, 230 Neb. 817, 434 N.W.2d 10 (1989); *Wolff v. State*, 172 Neb. 65, 108 N.W.2d 410 (1961). The corollary must also be true, that a guilty plea is not the equivalent of a conviction *unless* it is accepted and entered by the court. The Supreme Court has not attached any legal signifi-

cance to the mere *tender* of a guilty plea, rather than *acceptance* by the court.

In *Jacobson v. Higgins*, 243 Neb. 485, 489, 500 N.W.2d 558, 562 (1993), the Supreme Court held that "the mere entry of a guilty plea, standing alone, is insufficient to support a judgment of conviction." In *Jacobson*, the court ultimately held, in the context of revocation of a motor vehicle operator's license, that the Nebraska statutes did not require the record to affirmatively demonstrate that the district court had accepted a guilty plea *in addition to* demonstrating that the court had entered an official judgment of conviction. This is in accordance with the above-noted proposition that a judicially accepted guilty plea and a conviction are equivalents, and *Jacobson* clarified that the judicial acceptance of the guilty plea and the subsequent conviction did not *both* need to be demonstrated by the record to support revocation of the motor vehicle operator's license.

On appeal, the Commission argues that the phrase "has been convicted of or has pleaded guilty to any Class I misdemeanor" in § 53-125(5) should include a defendant who has tendered a guilty plea and that the Commission should be able to revoke such a defendant's liquor license whether or not the plea has yet been accepted by the court. Taken to its extreme, the Commission's argument would suggest that if a defendant tendered a guilty plea and the court affirmatively declined to accept the plea, for example, if the plea was not voluntary or knowing, then the Nebraska Liquor Control Act would authorize revocation of the defendant's liquor license merely because he tendered a guilty plea, although he did so neither voluntarily nor with adequate knowledge of the consequences of such a plea being accepted and entered by the court. We decline to construe the statutes as authorizing such action.

■ Finally, we note that the district court's order affirming the Commission's action in this case recognized that other provisions of § 53-125 allow the Commission to revoke a licensee's license for a variety of other good causes which do not have a conviction as their primary focus. Our opinion today is not intended to foreclose the possibility that McHenry's actions could merit revocation under any of these other subsections, but, rather, holds that tendering a guilty plea under the Iowa

deferred judgment and sentence statutes does not merit revocation under § 53-125(5) until such time as the plea is shown to have been accepted and entered by the court and has become the equivalent of a conviction. As such, the order of the district court is reversed and the case is remanded with directions to reverse the Commission's ruling revoking McHenry's license.

### (b) Attorney Fees

McHenry argues on appeal that the State's position in this case regarding the meaning of § 53-125(5) was not "substantially justified." Neb. Rev. Stat. § 25-1803 (Reissue 1995) provides that the court having jurisdiction over a civil action brought by the State or an action for judicial review brought against the State pursuant to the Administrative Procedure Act shall award fees and other expenses to the prevailing party unless the prevailing party is the State, except that the court shall not award fees and expenses if it finds that the position of the State was substantially justified.

We initially note that it is not clear whether judicial review of the Commission's decisions is brought "pursuant to the Administrative Procedure Act" or through some other procedure. We need not specifically decide this issue, however, because even if § 25-1803 is considered to be applicable to this case, as the case appears to be one of first impression in Nebraska, we cannot say that the State's position was not substantially justified. The assigned error concerning attorney fees and expenses is without merit.

## VI. CONCLUSION

For the reasons stated herein, the order of the district court is reversed and the case is remanded with directions to reverse the Commission's decision to revoke McHenry's license.

REVERSED AND REMANDED WITH DIRECTIONS.