Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
03/01/2024 09:17 AM CST

STATE OF NEBRASKA, APPELLEE, V.
NATHANIEL L. GNEWUCH, APPELLANT.
___ N.W.2d ___

Filed March 1, 2024.    No. S-23-038.

1. **Constitutional Law: Statutes: Judgments: Appeal and Error.** The constitutionality of a statute presents a question of law, which an appellate court is obligated to review independent of the conclusion reached by the court below.

2. **Constitutional Law: Statutes.** No legislative act shall be held unconstitutional except by the concurrence of five judges of the Supreme Court.

3. **Statutes.** It is not within the province of the courts to read direct and plain language out of a statute. No word should be rejected as meaningless or superfluous if it can reasonably be avoided.

4. **Convictions: Judgments: Sentences.** Although in certain circumstances "conviction" may mean a finding of guilty, the judgment in a criminal case is, or necessarily includes, the sentence.

5. **Convictions: Judgments.** The plain language of Neb. Rev. Stat. § 29-2292(1) (Cum. Supp. 2022) requires that the defendant be found guilty before making a request of the court to defer the entry of the judgment of conviction and that the prosecutor and the defendant have an opportunity to be heard regarding the request.

6. **Constitutional Law: Statutes: Presumptions.** A statute is presumed to be constitutional, and all reasonable doubts are resolved in favor of its constitutionality.

7. **Constitutional Law: Statutes.** Where a statute is susceptible of two constructions, under one of which the statute is valid while under the other it is unconstitutional or of doubtful validity, that construction which gives it validity should be adopted.

8. **Criminal Law: Courts: Jurisdiction.** In a deferred sentence, the district court retains jurisdiction and only a conditional order, not a

judgment and sentence, is entered; therefore, there is no "final judgment" in the usual sense.

9. **Criminal Law: Courts.** In entering an order of deferred judgment, the court defers the entry of a judgment of conviction and imposition of a sentence and instead enters a conditional order placing the defendant on probation. It does not sentence the defendant to probation, as it does when it enters a judgment of conviction and imposes sentence.

10. **Constitutional Law.** The purpose of the Nebraska Constitution is to prescribe the permanent framework of our system of government, to assign to the three departments their respective powers and duties, and to establish certain fixed principles upon which our government is to be conducted.

11. ____. Under Nebraska's plan of government, although the three departments are separate, none can overlook the authority of another department, for all three departments are mutually dependent, which fact guarantees that governmental machinery will run smoothly.

12. **Statutes: Legislature: Public Policy.** It is the function of the Legislature, through the enactment of statutes, to declare what is the law and public policy of Nebraska.

13. **Legislature.** The Legislature is not the sovereign authority, and, though vested with the exercise of one branch of the sovereignty, the Legislature is nevertheless, in wielding it, hedged in on all sides by important limitations, some of which are imposed in express terms, and others by implications which are equally imperative.

14. **Constitutional Law.** The chief executive function is to take care that the laws be faithfully executed.

15. **Constitutional Law: Criminal Law: Prosecuting Attorneys: Probable Cause.** Prosecutorial discretion is an inherent executive power and one of the key aspects of prosecutorial discretion is the charging function, which is the power to determine what, if any, charges should be brought against a person accused of committing a crime. As a result of the charging function, the prosecutor has the discretion to choose to charge any crime that probable cause will support or, if the prosecutor chooses, not to charge the accused at all.

16. **Courts: Sentences.** Sentencing is an inherent judicial function and can in no way be transferred to a prosecutor.

17. **Courts: Legislature: Sentences.** Sentencing is necessarily a subjective judgment left mainly to the trial court's discretion, and the boundaries of that discretion are a matter for the Legislature.

18. **Constitutional Law.** The constitutional principle of separation of powers demands that in the course of any overlapping exercise of the

three branches' powers, no branch may significantly impair the ability of any other in its performance of its essential functions.

19. _____. While longstanding practices of government may not be determinative of a constitutional question, they can inform a determination of whether a particular delegation of power is constitutional.

20. **Constitutional Law: Criminal Law: Courts: Sentences.** Under the Nebraska Constitution, the power to define criminal conduct and fix its punishment is vested in the legislative branch, whereas the imposition of a sentence within these legislative limits is a judicial function.

21. **Constitutional Law: Prosecuting Attorneys.** The role of the prosecutor, and its executive function, is severely diminished upon a finding of guilt.

22. **Prosecuting Attorneys: Sentences.** While the prosecutor may participate in the sentencing proceedings, the prosecutor may not control or decide what a guilty offender's punishment shall be.

23. **Criminal Law: Courts: Sentences.** In Nebraska, after a criminal defendant is found guilty of an offense, it is then solely the role of the judiciary to sentence the defendant.

24. **Criminal Law: Courts.** Once a criminal defendant's guilt is established, control over the disposition of the criminal proceeding falls exclusively within the judiciary.

25. **Constitutional Law.** The deferred judgment scheme enacted by the Legislature in 2019 Laws, L.B. 686, does not violate the separation of powers guaranteed in article II, § 1, of the Nebraska Constitution.

Appeal from the District Court for Madison County: JAMES G. KUBE, Judge. Judgment reversed, sentence vacated, and cause remanded for further proceedings.

Chelsey R. Hartner, Chief Deputy Madison County Public Defender, for appellant.

Michael T. Hilgers, Attorney General, and Jordan Osborne and Erin E. Tangeman for appellee.

Christopher L. Eickholt, of Eickholt Law, L.L.C., for amicus curiae Nebraska Criminal Defense Attorneys Association.

HEAVICAN, C.J., MILLER-LERMAN, CASSEL, STACY, FUNKE, PAPIK, and FREUDENBERG, JJ.

HEAVICAN, C.J.

# I. INTRODUCTION

Nathaniel Loren Gnewuch (the record indicates that court documents erroneously have Gnewuch's middle initial as "M.") appeals from his sentence of 18 months' probation after the district court refused to consider his motion for a deferred sentence under Neb. Rev. Stat. § 29-2292 (Cum. Supp. 2022) because the court concluded that the statute was unconstitutional. We granted Gnewuch's petition to bypass the Nebraska Court of Appeals to address the constitutionality of § 29-2292.

Article V, § 2, of the Nebraska Constitution provides in part: "No legislative act shall be held unconstitutional except by the concurrence of five judges." Because five judges of this court do not hold that § 29-2292 is unconstitutional, it is constitutional. Accordingly, the district court's judgment is reversed, Gnewuch's sentence is vacated, and the cause is remanded for the district court to consider Gnewuch's motion for deferred judgment.

# II. BACKGROUND

In accordance with a plea agreement, Gnewuch pleaded guilty to an amended information charging a single count of operating a motor vehicle to avoid arrest—willful reckless, a Class IV felony,[1] and the State recommended a sentence of probation. The charge stemmed from an attempted traffic stop, wherein law enforcement officers in marked cruisers attempted to stop Gnewuch. Although the officers' attempt to stop Gnewuch was apparent to him, he attempted to outrun the officers.

The record and presentence investigation report reflect that Gnewuch is a U.S. Marine Corps veteran who moved from California to Nebraska to care for his aging grandparents approximately 3 months before the incident. Before his

---

[1] See Neb. Rev. Stat. § 28-905(3)(a)(iii) (Reissue 2016).

relocation, Gnewuch was being treated and medicated for post-traumatic stress disorder with schizophrenic symptoms resulting from his deployment in Afghanistan, where he suffered a traumatic brain injury. However, once in Nebraska, Gnewuch was denied such medication by the Department of Veterans Affairs until after the incident leading to the instant conviction.

Between the plea hearing and sentencing hearing, Gnewuch filed a motion for deferred sentence under § 29-2292, and the district court took up the motion at the sentencing hearing. In support of his motion, Gnewuch emphasized the "mental health overlay" in the case and contended that he was a good candidate for a deferred judgment.

The State did not "necessarily believe that [deferred judgment was] a fit for this particular case." Yet, "[a]bove and beyond that," the State expressed its "serious constitutional concerns regarding the deferred sentence statute." The State expressed concern that "there are separation of power issues" with the deferred judgment statutes; however, it did not elaborate further on its constitutional concerns. As to sentencing, the State recommended that Gnewuch receive a sentence of probation.

The district court denied Gnewuch's request for a deferred judgment, concluding that § 29-2292 was unconstitutional. The court reasoned that the deferred judgment statutes violate the Nebraska Constitution because the court would be imposing a sentence of probation before the entry of a judgment of conviction, and thus, the court lacked jurisdiction to do so despite the Legislature's statutory authorization. Therefore, the court did not consider whether a deferred judgment was appropriate in this case.

The court proceeded to find that Gnewuch was a qualified candidate for probation and sentenced him to 18 months' probation.

Gnewuch filed a timely appeal and notice of a constitutional question and petitioned this court to bypass the Court

of Appeals.[2] We granted his petition. In addition, because the State failed to address the constitutionality of § 29-2292 in its initial brief, we ordered the State to submit a supplemental brief addressing the constitutional question and provided Gnewuch with the opportunity to file a supplemental reply brief. Both parties filed supplemental briefs. Further, the Nebraska Criminal Defense Attorneys Association filed a timely motion to file an amicus brief,[3] which we granted. We have considered these briefs in our resolution of Gnewuch's appeal.

## III. ASSIGNMENT OF ERROR

Gnewuch's sole assignment of error is that the lower court erred in overruling his motion for deferred sentence pursuant to § 29-2292.

## IV. STANDARD OF REVIEW

[1,2] The constitutionality of a statute presents a question of law, which an appellate court is obligated to review independent of the conclusion reached by the court below.[4] No legislative act shall be held unconstitutional except by the concurrence of five judges of the Supreme Court.[5]

## V. ANALYSIS

In its initial brief, the State contended that we need not reach the constitutionality of § 29-2292 on appeal because it is not properly before us due to Gnewuch's failure to timely request a deferred judgment. We first address this contention, and because we conclude that it is without merit, we then turn to the constitutionality of § 29-2292.

---

[2] Neb. Rev. Stat. § 24-1106(2) (Cum. Supp. 2022); Neb. Ct. R. App. P. § 2-102(B) (rev. 2022).

[3] Neb. Ct. R. App. P. § 2-109(A)(4) (rev. 2023)

[4] See *State v. Matteson*, 313 Neb. 435, 985 N.W.2d 1 (2023).

[5] Neb. Const. art. V, § 2.

### 1. Timeliness of Motion

In its initial brief on appeal, the State argues that the constitutionality of § 29-2292 is not properly before us because a deferred judgment "was not available to [Gnewuch] at the time he filed his motion."[6] As the State reads § 29-2292, a request for a deferred sentence must be made before the court accepts a guilty or no contest plea. The State reasons that Gnewuch's request was not timely because it was made after the plea hearing and that thus, the constitutional question is not properly before us.

The State did not raise the timeliness of Gnewuch's motion before the district court. As a general rule, an appellate court will not consider an argument or theory that is raised for the first time on appeal.[7] However, because we have not previously interpreted § 29-2292, we determine that it is prudent to consider the State's argument to ensure that we have jurisdiction over Gnewuch's appeal.[8]

The relevant provision is found in § 29-2292(1), which states:

> Upon a finding of guilt for which a judgment of conviction may be rendered, a defendant may request the court defer the entry of judgment of conviction. Upon such request and after giving the prosecutor and defendant the opportunity to be heard, the court may defer the entry of a judgment of conviction and the imposition of a sentence and place the defendant on probation, upon conditions as the court may require under section 29-2262.

The State focuses on the first clause of the subsection and contends that the plain language requires a criminal defendant

---

[6] Brief for appellee at 8.

[7] *State v. Kruse*, 303 Neb. 799, 931 N.W.2d 148 (2019).

[8] *Swicord v. Police Stds. Adv. Council*, 314 Neb. 816, 822, 993 N.W.2d 327, 332 (2023) ("[i]f the court from which an appeal was taken lacked jurisdiction, then the appellate court acquires no jurisdiction").

to request a deferred judgment "*at* the time of the finding of guilt"[9]; otherwise, the State reasons, the court cannot "defer both the entry of the judgment of conviction and the imposition of a sentence."[10] Thus, the State asserts that because the court "entered the judgment of conviction by finding Gnewuch guilty beyond a reasonable doubt[,] . . . Gnewuch was no longer eligible to receive a deferred judgment under the plain meaning of the statute because it contemplates deferring both the entry of the conviction as well as the imposition of the sentence."[11]

The State interprets "judgment of conviction" in § 29-2292(1) to be synonymous with the rendering of a finding of guilt. In support, the State included the following citation: "See *State v. Muratella*, 314 Neb. 463, 470 (2023) ([n]oting that an entry of a judgment of conviction follows the acceptance of a guilty or no contest plea)."[12]

In *State v. Muratella*,[13] we considered whether a new trial may be granted under Neb. Rev. Stat. § 29-2101 (Reissue 2016) to a criminal defendant who pleads guilty or no contest when, due to the plea, no trial occurred in the first instance. The relevant portion of that statute states that "[a] new trial, after a verdict of conviction, may be granted, on the application of the defendant, for any of the [enumerated] grounds . . . ."[14] The State's interpretation seems to arise from our recognition in that case of our longstanding precedent: "[W]hen a guilty or no contest plea is accepted *and* the court enters a

---

[9] Brief for appellee at 9 (emphasis supplied).

[10] *Id*. at 10.

[11] Brief for appellee at 10 (citing *State v. Muratella*, 314 Neb. 463, 991 N.W.2d 25 (2023)).

[12] Brief for appellee at 10.

[13] *State v. Muratella, supra* note 11.

[14] § 29-2101(1).

judgment of conviction thereon, that is a 'verdict of conviction' for the purposes of a motion for a new trial."[15]

This particular proposition flows from our decision in *State v. Lacy*.[16] There, the defendant did not file his motion for a new trial within 10 days from the date of the verdict but did file it within 10 days from the date of his sentencing. We expressly disapproved of prior language that suggested the timing requirements could run either "'after the verdict *or judgment* is rendered.'"[17] We clarified that under the relevant statute, see Neb. Rev. Stat. § 29-2103 (Reissue 2016), the timing requirements for a motion for new trial are mandatory and run from the date the verdict was rendered, not from the date of sentencing, "unless, of course, the verdict and sentencing occur on the same day."[18] Simply, the proposition recognizes that even when a judgment of conviction was entered, as was the case in *State v. Muratella*, a motion for new trial is an avenue of relief available to a criminal defendant. Furthermore, the State overlooks the specific holding of *State v. Muratella* that "accepted pleas that result in *an adjudgment of guilty* are '*verdicts* of conviction' under § 29-2101."[19]

[3] Moreover, in its reading of § 29-2292, the State ignores the statute's language qualifying "conviction." Long ago, we recognized that "conviction," standing alone, can mean either a

---

[15] *State v. Muratella, supra* note 11, 314 Neb. at 470, 991 N.W.2d at 30 (emphasis supplied) (citing *State v. Daly*, 227 Neb. 633, 418 N.W.2d 767 (1988)). See *State v. Beans*, 199 Neb. 807, 261 N.W.2d 749 (1978).

[16] *State v. Lacy*, 195 Neb. 299, 237 N.W.2d 650 (1976). See, also, *State v. Betts*, 196 Neb. 572, 244 N.W.2d 195 (1976).

[17] *Vacek v. Marburger*, 188 Neb. 180, 183, 195 N.W.2d 515, 517 (1972) (emphasis supplied) (quoting *Stanosheck v. State*, 168 Neb. 43, 95 N.W.2d 197 (1959)).

[18] *State v. Lacy, supra* note 16, 195 Neb. at 305, 237 N.W.2d at 654.

[19] *State v. Muratella, supra* note 11, 314 Neb. at 470, 991 N.W.2d at 31 (emphasis supplied).

finding of guilt or a judgment and sentence of the court.[20] But "conviction" does not stand alone in § 29-2292. It is not within the province of the courts to read direct and plain language out of a statute.[21] No word should be rejected as meaningless or superfluous if it can reasonably be avoided.[22]

[4] In § 29-2292, the Legislature has distinguished between the finding of guilt and a *judgment* of conviction.[23] As Black's Law Dictionary defines "judgment of conviction," it may mean either "[t]he written record of a criminal judgment, consisting of the plea, the verdict or findings, the adjudication, and the sentence," or "[a] sentence in a criminal case."[24] Likewise, we have held that the "acceptance of a guilty [or no contest] plea and [the] entry of a judgment of conviction are two separate actions of the court."[25] Although in certain circumstances "conviction" may mean a finding of guilty,[26]

---

[20] See *Marion v. State*, 16 Neb. 349, 20 N.W. 289 (1884). See, also, *Yale v. City of Independence*, 846 S.W.2d 193 (Mo. 1993); *Commonwealth v. Gorham*, 99 Mass. 420 (1868). Cf. Neb. Rev. Stat. § 29-2264 (Cum. Supp. 2022).

[21] See, *State v. Godek*, 312 Neb. 1004, 981 N.W.2d 810 (2022); *City of Grand Island v. County of Hall*, 196 Neb. 282, 242 N.W.2d 858 (1976); *Mook v. City of Lincoln*, 146 Neb. 779, 21 N.W.2d 743 (1946).

[22] See, *State v. Yzeta*, 313 Neb. 202, 983 N.W.2d 124 (2023); *State v. Kennedy*, 299 Neb. 362, 908 N.W.2d 69 (2018); *State, ex rel. Marrow, v. City of Lincoln*, 101 Neb. 57, 162 N.W. 138 (1917); *Hagenbuck v. Reed*, 3 Neb. 17 (1873).

[23] See, *Cascio v. State*, 147 Neb. 1075, 25 N.W.2d 897 (1947) (*verdict* of conviction must be supported by competent evidence, if not, appellate court sets aside *judgment* of conviction); *Bohanan v. State*, 18 Neb. 57, 24 N.W. 390 (1885) (by jury verdict convicting defendant of lower grade of crime, defendant acquitted of higher grade, and judgment of conviction was final judgment of case). See, also, Neb. Rev. Stat. §§ 29-1820, 29-1821, and 29-2201 (Reissue 2016) and 29-2202 (Cum. Supp. 2022).

[24] Black's Law Dictionary 1009 (11th ed. 2019).

[25] *Jacobson v. Higgins*, 243 Neb. 485, 488, 500 N.W.2d 558, 562 (1993). Cf. *Seling v. State*, 18 Neb. 548, 26 N.W. 254 (1886).

[26] See, *State v. Hess*, 261 Neb. 368, 622 N.W.2d 891 (2001); *State v. Kramer*, 231 Neb. 437, 436 N.W.2d 524 (1989).

the judgment in a criminal case is, or necessarily includes, the sentence.[27]

[5] We reject the State's contention that the court rendered a judgment of conviction by accepting Gnewuch's plea. The plain language of § 29-2292(1) requires that the defendant be found guilty before making a request of the court to defer the entry of the judgment of conviction and that the prosecutor and the defendant have an opportunity to be heard regarding the request. Because these two requirements were met, the question of the constitutionality of § 29-2292 is properly before us. Hence, we now turn to the merits of the constitutional question.

## 2. Constitutionality of Deferred Judgment Statutes

[6,7] The principles guiding our review of the constitutionality of a legally enacted statute are well-established. A statute is presumed to be constitutional, and all reasonable doubts are resolved in favor of its constitutionality.[28] The party challenging the constitutionality of a statute bears the burden to clearly establish the unconstitutionality of a statutory provision.[29] It is not the province of a court to annul a legislative act unless it clearly contravenes the constitution and no other resort remains.[30] A penal statute must be construed so as to meet constitutional requirements if such can reasonably be done.[31] Where a statute is susceptible of two constructions, under one of which the statute is valid while under the other it

---

[27] See *State v. Reeves*, 258 Neb. 511, 604 N.W.2d 151 (2000). See, also, *State v. Moore*, 272 Neb. 71, 718 N.W.2d 537 (2006). Cf. Neb. Rev. Stat. §§ 23-919 and 28-306 (Reissue 2016), 28-416 (Supp. 2023), and 29-2546 (Cum. Supp. 2022).

[28] *State ex rel. Peterson v. Shively*, 310 Neb. 1, 963 N.W.2d 508 (2021).

[29] *Id.*

[30] *Id.* See *Davis v. State*, 51 Neb. 301, 70 N.W. 984 (1897).

[31] *State v. Montoya*, 304 Neb. 96, 933 N.W.2d 558 (2019).

is unconstitutional or of doubtful validity, that construction which gives it validity should be adopted.[32]

We begin with a review of the deferred judgment scheme enacted by the Legislature before addressing the district court's conclusion that, under the Nebraska Constitution, it did not have jurisdiction to enter an order placing Gnewuch on probation and the State's argument in its supplemental brief that § 29-2292 violates the separation of powers clause found in article II, § 1, of the Nebraska Constitution.

(a) Deferred Judgment Statutes

The Legislature enacted L.B. 686 in 2019, in part, "to provide for deferred judgments by courts as prescribed."[33] Sections 9 to 11 of 2019 Neb. Laws, L.B. 686, now codified at § 29-2292 and Neb. Rev. Stat. §§ 29-2293 and 29-2294 (Cum. Supp. 2022), contain the substantive content regarding deferred judgments.

Section 29-2292 provides the procedure for a deferred judgment—from the defendant's request to defer the entry of judgment to the criminal action's final disposition. Section 29-2292 provides in full:

(1) Upon a finding of guilt for which a judgment of conviction may be rendered, a defendant may request the court defer the entry of judgment of conviction. Upon such request and after giving the prosecutor and defendant the opportunity to be heard, the court may defer the entry of a judgment of conviction and the imposition of a sentence and place the defendant on probation, upon conditions as the court may require under section 29-2262.

(2) The court shall not defer judgment under this section if:

(a) The offense is a violation of section 42-924;

(b) The victim of the offense is an intimate partner as defined in section 28-323;

---

[32] *In re Interest of T.W.*, 314 Neb. 475, 991 N.W.2d 280 (2023).

[33] 2019 Neb. Laws, L.B. 686.

(c) The offense is a violation of section 60-6,196 or 60-6,197 or a city or village ordinance enacted in conformance with section 60-6,196 or 60-6,197; or

(d) The defendant is not eligible for probation.

(3) Whenever a court considers a request to defer judgment, the court shall consider the factors set forth in section 29-2260 and any other information the court deems relevant.

(4) Except as otherwise provided in this section and sections 29-2293 and 29-2294, the supervision of a defendant on probation pursuant to a deferred judgment shall be governed by the Nebraska Probation Administration Act and sections 29-2270 to 29-2273.

(5) After a hearing providing the prosecutor and defendant an opportunity to be heard and upon a finding that a defendant has violated a condition of his or her probation, the court may enter any order authorized by section 29-2268 or pronounce judgment and impose such new sentence as might have been originally imposed for the offense for which the defendant was convicted.

(6) Upon satisfactory completion of the conditions of probation and the payment or waiver of all administrative and programming fees assessed under section 29-2293, the defendant or prosecutor may file a motion to withdraw any plea entered by the defendant and to dismiss the action without entry of judgment.

(7) The provisions of this section apply to offenses committed on or after July 1, 2020. For purposes of this section, an offense shall be deemed to have been committed prior to July 1, 2020, if any element of the offense occurred prior to such date.

In addition, § 29-2293 provides that "[u]pon entry of a deferred judgment . . . , the court shall order the defendant to pay all administrative and programing fees . . . , unless waived . . . ." Finally, § 29-2294 provides that "[a]n entry of deferred judgment . . . is a final order as defined in section 25-1902."

The Legislature also addressed deferred judgments by way of amending three other statutory sections. First:

> For purposes of the Nebraska Probation Administration Act . . . , unless the context otherwise requires:
>
> . . . .
>
> (4) Probation means a sentence under which a person found guilty of a crime . . . is released by a court subject to conditions imposed by the court and subject to supervision. Probation includes post-release supervision *and supervision ordered by a court pursuant to a deferred judgment* . . . .[34]

In addition, the Legislature provided that "[w]hen charges are filed, but the case is dismissed by the court . . . *after a deferred judgment* . . . the criminal history record information shall not be part of the public record immediately upon notification . . . ."[35] And finally, the Legislature provided that a person "*on probation pursuant to a deferred judgment for a felony*" is a prohibited person for the purposes of the offense of possession of a deadly weapon by a prohibited person.[36]

### (b) Jurisdiction of Sentencing Court

In this case, the district court concluded that under the Nebraska Constitution, the Legislature could not provide it with jurisdiction to impose a sentence of probation before the entry of a judgment of conviction. However, the record is devoid of any indication as to what led the court to its conclusion. The State did not raise a constitutional jurisdictional argument at the hearing on Gnewuch's motion, nor has it offered any support for the district court's conclusion on appeal.

---

[34] Neb. Rev. Stat. § 29-2246 (Cum. Supp. 2022) (emphasis supplied). See, also, § 29-2246(13) (defining post-release supervision as "portion of a split sentence").

[35] Neb. Rev. Stat. § 29-3523(3)(c) (Cum. Supp. 2022) (emphasis supplied).

[36] Neb. Rev. Stat. § 28-1206(1)(a)(iv) (Cum. Supp. 2022) (emphasis supplied).

We find nothing in the Nebraska Constitution that prevents the Legislature from imbuing the district court with the jurisdiction, upon request by a defendant, to enter an order placing the defendant on probation subject to court supervision prior to the entry of a final judgment. To the contrary, the Nebraska Constitution specifically provides that "district courts shall have both chancery and common law jurisdiction, and *such other jurisdiction as the Legislature may provide*."[37]

It may be that in reaching its conclusion, the district court relied, at least in part, on our longstanding precedent that a sentence validly imposed takes effect from the time it is pronounced, and any subsequent sentence fixing a different term is a nullity.[38] This proposition is guided by three distinct principles of law—two constitutional and one statutory.

The first constitutional principle is that "[n]o person shall . . . be twice put in jeopardy for the same offense."[39]

> [A] district court . . . has no jurisdiction to vacate *a judgment* in a criminal case after the same has gone into effect by commitment of the defendant under it, and substitute for it another sentence . . . . To sustain the second judgment would be to hold that a person can be twice punished by judicial proceedings for the same offense. The fundamental law of the state[,] as well as that of the United States, forbids that one shall be put twice in jeopardy for the same act.[40]

---

[37] Neb. Const. art. V, § 9 (emphasis supplied).

[38] E.g., *State v. Sullivan*, 313 Neb. 293, 983 N.W.2d 541 (2023). See, e.g., *State v. Williams*, 194 Neb. 483, 233 N.W.2d 772 (1975); *State v. Carpenter*, 186 Neb. 605, 185 N.W.2d 663 (1971); *Moore v. State*, 125 Neb. 565, 251 N.W. 117 (1933).

[39] Neb. Const. art. I, § 12.

[40] *In re Jones*, 35 Neb. 499, 502, 53 N.W. 468, 469 (1892). See, *Myers v. Fenton*, 121 Neb. 56, 236 N.W. 143 (1931); *Hickman v. Fenton*, 120 Neb. 66, 231 N.W. 510 (1930). See, also, *Ex parte Lange*, 85 U.S. 163, 21 L. Ed. 872 (1873).

The second constitutional principle is that a sentencing court's jurisdiction to amend a sentence terminates after judgment, the sentence then being within the purview of the Board of Parole.[41]

[8] However, neither of these constitutional principles are violated by the deferred judgment statute. As the Oklahoma Court of Criminal Appeals has detailed: "In a deferred sentence, the district court retains jurisdiction and only a conditional order, not a judgment and sentence, is entered; therefore, there is no 'final judgment' in the usual sense . . . ."[42] Because § 29-2292 authorizes the sentencing court to defer the entry of a judgment of conviction and the imposition of a sentence, the district court had jurisdiction to enter an order placing the defendant on probation.

[9] The Legislature revised our probation statutes in 1971 and provided that probation is a sentence.[43] However, in its 2019 enactment of L.B. 686, the Legislature amended the definition of "[p]robation" to include "supervision ordered by a court pursuant to a deferred judgment" to facilitate the employment of deferred judgments in Nebraska.[44] Under the current deferred judgment procedure of § 29-2292, the court defers the entry of a judgment of conviction and imposition of a sentence and instead enters a conditional order *placing*

---

[41] See, Neb. Const. art. IV, § 13; *State v. Carpenter, supra* note 38. See, also, *State v. Spady*, 264 Neb. 99, 645 N.W.2d 539 (2002).

[42] *Nguyen v. State*, 772 P.2d 401, 403 (Okla. Crim. App. 1989), *overruled on other grounds, Gonseth v. State*, 871 P.2d 51 (Okla. Crim. App. 1994). See, also, Black's Law Dictionary 1007 (11th ed. 2019) (term "deferred judgment" defined as "[a] conditional judgment placing a convicted defendant on probation, the successful completion of which will prevent entry of the underlying judgment of conviction").

[43] 1971 Neb. Laws, L.B. 680, § 15(4); § 29-2246(4) (Reissue 2016). See *State v. Mosley*, 194 Neb. 740, 235 N.W.2d 402 (1975), *overruled on other grounds, State v. Kramer*, 231 Neb. 437, 436 N.W.2d 524 (1989).

[44] 2019 Neb. Laws, L.B. 686, § 7; § 29-2246(4) (Cum. Supp. 2022). Cf. § 29-2246(13) (post-release supervision is portion of split sentence).

the defendant *on* probation.[45] It does not *sentence* the defendant *to* probation, as it does when it enters a judgment of conviction and imposes sentence.[46]

In this manner, deferred judgments operate in the same way as probation had in Nebraska from its inception in 1913 (1913 Probation Act), until the 1971 revisions.[47] Under the 1913 Probation Act, any court could, "in its discretion, enter an order, *without pronouncing sentence*, suspending further proceedings and placing the accused on probation under the charge and supervision of a probation officer."[48] When the "court suspend[ed] sentence and place[d] a defendant on probation," it had to "determine the conditions and period of probation, which [could] not exceed, in the case of any defendant convicted of an offense less than a felony, two years; and in the case of any defendant convicted of a felony, five years."[49]

Notably, we held that a district court was empowered by statute to exercise its discretion, upon the plea of guilty and before pronouncing sentence, and enter an order suspending further proceedings, place a defendant on probation, and in the event of a violation of probationary conditions, impose sentence.[50] But this is only before pronouncing sentence. We recognized that under that act, the word "suspend" meant to delay or withhold because "upon a revocation of the probationary order the court may impose any sentence which it

---

[45] See § 29-2292(1).

[46] See Neb. Rev. Stat. §§ 29-2262(1) (Cum. Supp. 2022) and 29-2263(2) (Reissue 2016). Cf. Neb. Rev. Stat. § 28-105(4) (Cum. Supp. 2022).

[47] See, Rev. Stat. §§ 9149 and 9150 (1913); *Casper v. State*, 100 Neb. 367, 160 N.W. 92 (1916). See, also, *Sellers v. State*, 105 Neb. 748, 181 N.W. 862 (1921). Cf. *State v. Randolph*, 183 Neb. 506, 162 N.W.2d 123 (1968).

[48] § 9149 (emphasis supplied). See, *Moore v. State, supra* note 38; *Sellers v. State, supra* note 47.

[49] § 9150.

[50] See *Sellers v. State, supra* note 47.

might have imposed prior to placing defendant on probation."[51] Accordingly, a sentencing court was empowered to place a defendant on probation only before imposing sentence, and it was statutorily divested of its jurisdiction after a sentence had been pronounced. Thus, under that act, it was improper to pronounce the sentence first and then place the defendant on probation.

Certainly, "defer" is a synonym of "suspend"[52] and means "to put off" or "delay."[53] As it had done with the 1913 Probation Act, "[t]he [L]egislature had in mind that, upon a showing made, the court might place the defendant upon probation without passing sentence."[54] In authorizing deferred judgments, the Legislature has once again provided sentencing courts with jurisdiction to enter an order and place a defendant on probation without imposing sentence, just as they had from 1913 to 1971.

We have not been directed to, nor have we found, any constitutional provision that precludes the Legislature from providing the sentencing court with jurisdiction to defer the entry of judgment of conviction and the imposition of a sentence and place the defendant on probation as it has in § 29-2292. Ultimately, the Nebraska Constitution provides the Legislature with the authority to provide the district courts with jurisdiction.[55] Therefore, it is unnecessary for us to

---

[51] *Moore v. State, supra* note 38, 125 Neb. at 568, 251 N.W. at 118.

[52] "Defer," Merriam Webster.com, https://www.merriam-webster.com/thesaurus/defer (last visited Feb. 23, 2024).

[53] "Defer," Merriam Webster.com, https://www.merriam-webster.com/dictionary/defer (last visited Feb. 23, 2024).

[54] *Moore v. State, supra* note 38, 125 Neb. at 568, 251 N.W. at 118. See, also, *Roberts v. United States*, 320 U.S. 264, 272, 64 S. Ct. 113, 88 L. Ed. 41 (1943) ("Congress conferred upon the courts the power to decide in each case . . . depend[ing] upon the character and circumstances of the individual offender").

[55] See, also, *State v. Nuss*, 190 Neb. 755, 212 N.W.2d 565 (1973).

address whether such a conditional order would fall under the district courts' chancery or common-law jurisdiction.

Yet, our determination that the district court erroneously concluded that it did not have jurisdiction and failed to consider whether a deferred judgment was appropriate in Gnewuch's case does not end our analysis. As the State points out, a correct result will not be set aside merely because the lower court applied the wrong reasoning in reaching that result.[56] Hence, we now consider the State's argument that § 29-2292 violates article II, § 1, of the Nebraska Constitution.

### (c) Separation of Powers

The State contends that § 29-2292 is unconstitutional because it violates the separation of powers clause of the Nebraska Constitution by allowing the judiciary to impermissibly invade one of the key aspects of the executive function of prosecutorial discretion: the charging function. The State reasons that § 29-2292 is constitutionally infirm because the satisfactory completion of the court's conditions of probation may result in the dismissal of the action without entry of judgment under § 29-2292(6); thus, the statute impermissibly allows a court to prevent the prosecution of an offense by authorizing, as the State characterized at oral argument, "unjustified judicial interference."

Yet, Gnewuch maintains that § 29-2292 presents no constitutional issue. He asserts that after a criminal defendant is found guilty of a charge, "any prosecutorial discretion power is now complete and the decision to defer judgment and possibly dismiss the charge rests with the judiciary as part of its sentencing discretion."[57] The State agreed at oral argument that the determinative fact of § 29-2292's constitutionality is whether deferring judgment and potentially dismissing the

---

[56] *State v. Devers*, 313 Neb. 866, 986 N.W.2d 747 (2023).

[57] Supplemental reply brief for appellant at 9.

action upon a criminal defendant's successful completion of probationary terms and conditions constitutes a judicial sentencing decision.

Thus, to resolve this appeal, we consider whether a sentencing court's deferral of the entry of a judgment of conviction and imposition of a sentence and potential dismissal of the action falls within the sentencing function of the judiciary, or whether such action invades the executive charging function in violation of article II, § 1, of the Nebraska Constitution.

### (i) Cited Extrajurisdictional Case Law

In support of their opposing positions, the parties each cite one judicial decision from different states. The State points us to a decision of the Supreme Court of Kentucky,[58] whereas Gnewuch points us to a decision of the Nevada Supreme Court.[59]

In *Flynt v. Com.*,[60] the issue before the Supreme Court of Kentucky was a narrow question of statutory interpretation. The statutory provision at issue stated that "[t]he Commonwealth's attorney shall make a recommendation upon each application for pretrial diversion to the Circuit Judge in the court in which the case would be tried. The court may approve or disapprove the diversion."[61] Under Kentucky's pretrial diversion program, "[i]f the defendant successfully completes the provisions of the pretrial diversion agreement, the charges against the defendant shall be listed as 'dismissed-diverted' and shall not constitute a criminal conviction."[62]

---

[58] See *Flynt v. Com.*, 105 S.W.3d 415 (Ky. 2003).

[59] See *State v. Second Judicial District Court*, 134 Nev. 783, 432 P.3d 154 (2018).

[60] *Flynt v. Com., supra* note 58.

[61] See Ky. Rev. Stat. Ann. § 533.250(6) (LexisNexis 2014).

[62] Ky. Rev. Stat. Ann. § 533.258 (LexisNexis 2014).

The Supreme Court of Kentucky framed the question presented in that case as whether "a circuit court has the authority to *approve* a pretrial diversion application over the Commonwealth's objection."[63] It ultimately reasoned that "unlike a sentence of imprisonment, probation, or conditional discharge, admission into a diversion program permits a defendant who successfully completes diversion to avoid a felony conviction entirely," and it concluded that the judiciary cannot interrupt a prosecution prior to a final disposition and that allowing a court to approve a pretrial diversion application over the prosecution's objection "would upset the separation of powers mandated by Kentucky's Constitution."[64]

By contrast, in *State v. Second Judicial District Court*,[65] the Nevada Supreme Court considered a statutory provision "which provide[d] that a district court may not assign a defendant to [a veterans court] program without the prosecutor's agreement." Similar to our deferred judgment statute, after a finding of guilty, the statute at issue provided that a court may, "[w]ithout entering a judgment of conviction and with the consent of the defendant, suspend or defer further proceedings and place the defendant on probation upon terms and conditions . . . ."[66] Upon fulfillment of the terms and conditions, the court shall or may "discharge the defendant and dismiss the proceedings," depending on particular circumstances.[67]

The Nevada Supreme Court reasoned that "once a defendant's guilt has been determined, the prosecutor's charging discretion is complete and the judiciary's sentencing discretion,

---

[63] *Flynt v. Com., supra* note 58, 105 S.W.3d at 423.

[64] *Id*. at 424. See Ky. Const. §§ 27 and 28.

[65] *State v. Second Judicial District Court, supra* note 59, 134 Nev. at 785, 432 P.3d at 157-58.

[66] See Nev. Rev. Stat. § 176A.290 (2021).

[67] Nev. Rev. Stat. § 176A.290(3).

if any, is all that remains."[68] It concluded that "a court's decision to assign a defendant to the veterans court program is a sentencing decision—it is a statutorily approved alternative to entering a judgment of conviction and imposing a term of incarceration."[69]

Like our deferred judgment statute, both Kentucky's and Nevada's statutes require a finding of guilt, and if the court's terms and conditions of probation are completed, both statutory schemes can result in the dismissal of the proceedings, allowing the defendant to avoid a felony conviction.

However, despite the courts' ultimate holdings in these cases, neither decision persuasively answers the question before us. We note that in Kentucky:

> If the defendant fails to complete the provisions of the pretrial diversion agreement within the time specified, or is not making satisfactory progress toward the completion of the provisions of the agreement, . . . the attorney for the Commonwealth . . . may apply to the court for a hearing to determine whether or not the pretrial diversion agreement should be voided [and,] [i]f the court voids the pretrial diversion agreement, . . . [*t*]*he prosecutor shall decide whether or not to proceed on the plea of guilty* in accordance with the law.[70]

Whereas, Nevada's veterans program statutes, like our deferred judgment statute, provide that when a defendant violates a term or condition of the probation order *the court*

---

[68] *Second Judicial District Court, supra* note 59, 134 Nev. at 787, 432 P.3d at 159 (citing *State v. Ramsey*, 171 Ariz. 409, 831 P.2d 408 (Ariz. App. 1992)). See, *State v. Prentiss*, 163 Ariz. 81, 786 P.2d 932 (1989); *People v. Navarro*, 7 Cal. 3d 248, 497 P.2d 481, 102 Cal. Rptr. 137 (1972); *State v. Olson*, 325 N.W.2d 13 (Minn. 1982). See, also, *Stromberg v. Second Judicial District Court*, 125 Nev. 1, 200 P.3d 509 (2009).

[69] *Second Judicial District Court, supra* note 59, 134 Nev. at 787, 432 P.3d at 159. See, also, *Locker v. State*, ___ Nev. ___, 516 P.3d 149 (2022).

[70] Ky. Rev. Stat. Ann. § 533.256 (LexisNexis 2014) (emphasis supplied).

may "impose sanctions" or "enter a judgment of conviction."[71] This distinction was not mentioned in either case.

Moreover, in *Flynt v. Com.*, the Supreme Court of Kentucky did not identify why a prosecution must result in a felony conviction or acquittal and why "'dismissed-diverted'" did not qualify as a final disposition.[72] Nor did it address its prior precedent suggesting that the prosecutor's function concludes upon the finding of a verdict and its recognition that a court could defer or suspend the imposition of a sentence.[73] Nor did the Nevada Supreme Court provide any authority analogous to Nebraska law for its conclusion that the prosecutor's charging discretion is complete once a defendant's guilt has been determined.

While these courts reached conclusions favorable to the parties' respective arguments, neither court provided reasoning that answers the question as to where the executive charging function ends and the judicial sentencing function begins under Nebraska law.

### (ii) Nebraska Separation of Powers Principles

[10] The purpose of the Nebraska Constitution is to prescribe the permanent framework of our system of government, to assign to the three departments their respective

---

[71] Nev. Rev. Stat. § 176A.290(2).

[72] See *Flynt v. Com., supra* note 58, 105 S.W.3d at 426.

[73] See, *Prater v. Com.*, 82 S.W.3d 898 (Ky. 2002); *Com. v. Corey*, 826 S.W.2d 319 (Ky. 1992); *Allen v. Walter*, 534 S.W.2d 453 (Ky. 1976); *Commonwealth v. Fanelli*, 445 S.W.2d 126 (Ky. 1969); *Huggins v. Caldwell*, 223 Ky. 468, 3 S.W.2d 1101 (1928); *Commonwealth v. Hughes*, 153 Ky. 34, 154 S.W. 399 (1913); *Commonwealth v. Cundiff*, 149 Ky. 37, 147 S.W. 767 (1912). See, also, *Jones v. Commonwealth*, 319 S.W.3d 295 (Ky. 2010); *Ratliff v. Commonwealth*, 719 S.W.2d 445 (Ky. App. 1986), *overruled on other grounds, Commonwealth v. Ramsey*, 920 S.W.2d 526 (Ky. 1996).

powers and duties, and to establish certain fixed principles upon which our government is to be conducted.[74] Under Neb. Const. art. II, § 1:

The powers of the government of this state are divided into three distinct departments, the legislative, executive, and judicial, and no person or collection of persons being one of these departments shall exercise any power properly belonging to either of the others except as expressly directed or permitted in [the] Constitution.[75]

[11] The purpose of this section was to establish and maintain the independence of "the three branches" of the government.[76] It is the beam from which our system of checks and balances is suspended.[77] "This arrangement gives each department a certain independence, which operates as a restraint upon such action of the others as might encroach on the rights and liberties of the people, and makes it possible to establish and enforce guaranties against attempts at tyranny."[78] Under Nebraska's plan of government, although the three departments are separate, none can overlook the authority of another department, for all three departments are mutually dependent, which fact guarantees that governmental machinery will run smoothly.[79]

[12,13] We have recognized that the Legislature is in many ways the strongest of the three departments, being restrained only by the Constitution of our state.[80] We have also

---

[74] *State, ex rel. Randall, v. Hall*, 125 Neb. 236, 249 N.W. 756 (1933).

[75] Neb. Const. art. II, § 1.

[76] *State, ex rel. Randall, v. Hall, supra* note 74, 125 Neb. at 242, 249 N.W. at 759.

[77] *Polikov v. Neth*, 270 Neb. 29, 699 N.W.2d 802 (2005).

[78] Thomas M. Cooley, The General Principles of Constitutional Law in the United States of America 43 (1880).

[79] *State, ex rel. Randall, v. Hall, supra* note 74.

[80] *Id*.

recognized that the legislative department enacts the laws by which both of the other departments are controlled and bound.[81] It is the function of the Legislature, through the enactment of statutes, to declare what is the law and public policy of this state.[82] However, the Legislature is "'not the sovereign authority, and[,] though vested with the exercise of one branch of the sovereignty, they are nevertheless, in wielding it, hedged in [on] all sides by important limitations, some of which are imposed in express terms, and others by implications which are equally imperative.'"[83]

[14,15] Meanwhile, the chief executive function is to "take care that the laws be faithfully executed."[84] The State is correct in that prosecutorial discretion is an inherent executive power and one of the key aspects of prosecutorial discretion is the charging function, which is the power to determine what, if any, charges should be brought against a person accused of committing a crime.[85] We have recognized that as a result of the charging function, the prosecutor has the discretion to choose to charge any crime that probable cause will support or, if the prosecutor chooses, not to charge the accused at all.[86]

---

[81] *Id.*

[82] *Bogue v. Gillis*, 311 Neb. 445, 973 N.W.2d 338 (2022). See *Henni v. Fidelity Building. & Loan Ass'n*, 61 Neb. 744, 86 N.W. 475 (1901). See, also, Neb. Const. art. III.

[83] *In re House Roll 284*, 31 Neb. 505, 510, 48 N.W. 275, 276 (1891) (quoting Thomas M. Cooley, A Treatise on the Constitutional Limitations Which Rest Upon the Legislative Power of the States of the American Union 102 (6th ed. 1890)).

[84] Neb. Const. art. IV, § 6.

[85] See *Polikov v. Neth, supra* note 77. See, also, *State v. Moore*, 210 Neb. 457, 316 N.W.2d 33 (1982); *State v. Grayer*, 191 Neb. 523, 215 N.W.2d 859 (1974).

[86] See *Polikov v. Neth, supra* note 77.

[16,17] It is expressly a judge's function to "admit persons charged with felony to a plea of guilty and pass such sentence as may be prescribed by law."[87] It is well established that sentencing is an inherent judicial function and can in no way be transferred to a prosecutor.[88] Sentencing is necessarily a subjective judgment left mainly to the trial court's discretion, and the boundaries of that discretion are a matter for the Legislature.[89] The imposition of punishment is a nondelegable authority.[90]

[18] The three branches sometimes overlap in the exercise of their constitutionally delegated powers.[91] This overlap may sometimes result in the three departments having a limited partial agency in or control over the acts of each other.[92] But the constitutional principle of separation of powers demands that in the course of any overlapping exercise of the three branches' powers, no branch may significantly impair the ability of any other in its performance of its essential functions.[93] An analysis of the overlapping exercise of constitutionally delegated powers focuses on the extent to which one branch is prevented from accomplishing its constitutionally assigned

[87] Neb. Const. art. V, § 9.

[88] See *State v. Griger*, 190 Neb. 405, 208 N.W.2d 672 (1973). See, also, *State v. Leahy*, 301 Neb. 228, 917 N.W.2d 895 (2018); *State v. Von Dorn*, 234 Neb. 93, 449 N.W.2d 530 (1989); *State v. Evans*, 194 Neb. 559, 234 N.W.2d 199 (1975), *disapproved on other grounds, State v. Minshall*, 227 Neb. 210, 416 N.W.2d 585 (1987). Cf., Neb. Const. art. V, § 9; *State v. Reeves, supra* note 27.

[89] *State v. Ezell*, 314 Neb. 825, 993 N.W.2d 449 (2023). See *Geiger v. The State*, 6 Neb. 545 (1877).

[90] See *State v. Lee*, 237 Neb. 724, 467 N.W.2d 661 (1991).

[91] *State ex rel. Veskrna v. Steel*, 296 Neb. 581, 894 N.W.2d 788 (2017).

[92] *Id*.

[93] *Id*.

functions, balanced against the other branch's need to promote the objectives within its constitutional authority.[94]

Ultimately, it is the nature of the function that determines whether a particular function is legislative, executive, or judicial.[95]

### (iii) Nature of Function

Although logic would seem to dictate that a prosecutor's discretion to bring charges is complete once those charges are proved, the State asserts that a delay in judgment and the potential later dismissal of those charges invades the purview of the executive function. In essence, the State's position is that the Legislature is empowered to enact statutes providing for "deferred prosecution" but not "deferred judgment." The definitions of these terms found in Black's Law Dictionary illuminate the distinction. The term "deferred prosecution" is defined as "(1946) 1. [a]n agreement between the prosecution and a defendant to either drop or delay prosecution in exchange for some type of cooperation."[96] The term "deferred judgment" is defined as "(1896) [a] conditional judgment placing a convicted defendant on probation, the successful completion of which will prevent entry of the underlying judgment of conviction."[97]

[19] Although the fact that probation operated as a deferred judgment scheme for almost 60 years in Nebraska, it appears that the 1913 Probation Act was never subject to a constitutional challenge. While longstanding practices of government may not be determinative of a constitutional question, as the U.S. Supreme Court has recognized, they can inform

---

[94] *Id*.

[95] See *Lux v. Mental Health Board of Polk County*, 202 Neb. 106, 274 N.W.2d 141 (1979).

[96] Black's Law Dictionary 533 (11th ed. 2019).

[97] *Id*. at 1007.

a determination of whether a particular delegation of power is constitutional.[98]

We also note that the U.S. Supreme Court has long held that Congress has the power to confer jurisdiction on the court to defer the imposition of a sentence, as well as suspend a sentence's execution.[99]

> [T]he basic purpose of probation [is] namely to provide an individualized program offering a young or unhardened offender an opportunity to rehabilitate himself [or herself] without institutional confinement under the tutelage of a probation official and under the continuing power of the court to impose institutional punishment for his [or her] original offense in the event that he [or she] abuse this opportunity. To accomplish this basic purpose Congress vested wide discretion in the courts. See *Burns v. United States*, 287 U.S. 216. Thus[,] Congress conferred upon the courts the power to decide in each case whether to impose a definite term of imprisonment in advance of probation or to defer the imposition of sentence, the alternative to be adopted to depend upon the character and circumstances of the individual offender.[100]

We observe, and the State also notes, that unlike the U.S. Constitution, the Nebraska Constitution contains an

---

[98] See, *Trump v. Mazars USA, LLP*, ___ U.S. ___, 140 S. Ct. 2019, 207 L. Ed. 2d 951 (2020); *NLRB v. Noel Canning*, 573 U.S. 513, 134 S. Ct. 2550, 189 L. Ed. 2d 538 (2014); *The Pocket Veto Case*, 279 U.S. 655, 49 S. Ct. 463, 73 L. Ed. 894 (1929); *M'Culloch v. State of Maryland*, 17 U.S. (4 Wheat.) 316, 4 L. Ed. 579 (1819).

[99] *Roberts v. United States, supra* note 54. See, *United States v. Murray*, 275 U.S. 347, 48 S. Ct. 146, 72 L. Ed. 309 (1928); *Ex parte United States*, 242 U.S. 27, 37 S. Ct. 72, 61 L. Ed. 129 (1916); *Ex parte Lange, supra* note 40.

[100] *Roberts v. United States, supra* note 54, 320 U.S. at 272. See *United States v. Murray, supra* note 99.

express separation of powers provision. Unlike the Nebraska Constitution, the federal Constitution has no express provision that prohibits the officials of one branch of government from exercising the functions of the other branches.[101] The federal separation of powers principle is inferred from the overall structure of the U.S. Constitution.[102] In contrast, Neb. Const. art. II, § 1, prohibits one department of government from encroaching on the duties and prerogatives of the others or from improperly delegating its own duties and prerogatives, except as the Constitution itself otherwise directs or permits.[103] Thus, the federal doctrine is not as rigorous as that imposed by the Constitution of this state.[104]

[20] Under our constitution, the power to define criminal conduct and fix its punishment is vested in the legislative branch, whereas the imposition of a sentence within these legislative limits is a judicial function.[105] It has been long established and well settled that the defining of a criminal act is purely a legislative function.[106] Similarly, the Legislature has the authority to fix the penalty range that can be imposed for the crimes it has defined.[107] The Legislature determines the nature of the penalty imposed, and so long as that

---

[101] *State v. Philipps*, 246 Neb. 610, 521 N.W.2d 913 (1994). See, also, *Polikov v. Neth, supra* note 77.

[102] *Id*.

[103] *Id*.

[104] *Id*.

[105] *State v. Knight*, 311 Neb. 485, 973 N.W.2d 356 (2022). See, *State v. Kantaras*, 294 Neb. 960, 885 N.W.2d 558 (2016); *State v. Divis*, 256 Neb. 328, 589 N.W.2d 537 (1999). See, also, *Painter v. Ives*, 4 Neb. 122 (1875).

[106] *State v. Divis, supra* note 105. See, *State v. Burlison*, 255 Neb. 190, 583 N.W.2d 31 (1998); *State v. Tatreau*, 176 Neb. 381, 126 N.W.2d 157 (1964); *State, ex rel. Nelson, v. Smith*, 114 Neb. 653, 209 N.W. 328 (1926); *McMahon v. State*, 70 Neb. 722, 97 N.W. 1035 (1904); *Davis v. State, supra* note 30.

[107] *Id*.

determination is consistent with the Constitution, it will not be disturbed by the courts on review.[108] Once the Legislature has defined the crime and the corresponding punishment for a violation of the crime, it is the responsibility of the judicial branch to apply those punishments according to the nature and range established by the Legislature.[109]

Even though the Legislature has defined that after an order of deferred judgment, the court may "dismiss" the action, the conditional order placing the offender on probation still subjects that offender to a form of criminal punishment, subjecting the offender to a deprivation of his or her personal liberty.[110] We read the deferred judgments statutes as an attempt to further the same purpose that we recognized the 1913 Probation Act served:

> Obviously[,] the intent of the Legislature is to give the sentencing judge, when he [or she] suspends sentence, appropriate latitude to tailor individualized conditions of probation with the objective of accomplishing the rehabilitative purposes of the probationary act. . . . To interpret [the act] otherwise would be to emasculate the purposes of a probation act and return it to the limbo of the archaic notion that probation constituted merely an act of clemency or mercy.[111]

In addition, the U.S. Supreme Court has recognized that a felony judgment of conviction means a felon is "subject to all the disabilities flowing from such a judgment."[112]

---

[108] *State v. Divis, supra* note 105.

[109] See *id.*

[110] See *Sellers v. State, supra* note 47, 105 Neb. at 750, 181 N.W. at 863 (noting defendant placed on probation under deferred judgment was "in the constructive custody of the district court with restrictions on his liberty").

[111] *State v. Duitsman*, 186 Neb. 39, 41, 180 N.W.2d 685, 686 (1970).

[112] *Berman v. United States*, 302 U.S. 211, 213, 58 S. Ct. 164, 166, 82 L. Ed. 204 (1937). See, also, *United States v. Murray, supra* note 99.

Certainly, the Legislature has provided for a variety of civil penalties to flow from a judgment of conviction.[113] As it is within the Legislature's power to institute these penalties, it is only logical that it is within its power to provide that in an appropriate case, a guilty defendant can avoid them. We note that in providing for deferred judgments, the Legislature considered that a felony judgment of conviction subjects an individual to

> social ills that follow [a convicted felon] for the rest of [his or her] life. This [bill] is a way to remove some of that. [It would] provide opportunities for those who make mistakes one or two times, particularly the first time, to not have a felony around them, holding them back for the rest of their life.[114]

Despite the Legislature's choice to term one potential final disposition of the criminal action after the deferral of judgment a "dismissal," an offender does not escape all criminal punishment under § 29-2292. Instead, the Legislature has provided an opportunity for an offender to show that he or she is capable of rehabilitation before the entry of a judgment of conviction and made it possible for that offender to potentially avoid being subject to the legislatively instituted legal disabilities that flow from a felony conviction.

We cannot subscribe to the theory that the mere use of the term "dismiss" in relation to criminal charges creates a constitutional problem. In utilizing the term "dismissal" as a possible judicial final disposition in § 29-2262, Nebraska has

---

[113] See, e.g., § 29-2264. Cf., e.g., *State v. Dolinar*, 315 Neb. 257, 995 N.W.2d 18 (2023); *State v. Brunsen*, 311 Neb. 368, 972 N.W.2d 405 (2022); *State v. Spady, supra* note 41; *State v. Holmes*, 221 Neb. 629, 379 N.W.2d 765 (1986); *McHenry v. Nebraska Liquor Control Comm.*, 5 Neb. App. 95, 555 N.W.2d 350 (1996).

[114] Judiciary Committee Hearing, L.B. 91, 106th Leg., 1st Sess. 64 (Mar. 20, 2019).

joined, in addition to Nevada, at least 21 other states[115] and the federal government[116] in authorizing a court to "dismiss" proceedings without the consent of the prosecution.

Moreover, we note that under § 29-2292, after a defendant is found guilty, the final disposition of the criminal case remains with the sentencing court and subject to its discretion. Despite a defendant's request, whether a deferred judgment is appropriate in any case is a sentencing decision. So, too, is the final determination of whether an action should be dismissed or a judgment of conviction entered, no matter which party files a motion. At each stage of the deferred judgment process, the parties can present their arguments to the court, but the sentencing decision remains with the court. In all respects, this is what happens during any sentencing hearing.

[21] Thus, the question ultimately before us is whether the Nebraska Constitution requires a judgment of conviction to be entered upon a finding of guilt as a protection of executive power and its charging function. However, the State does not point us to, nor can we find, any such requirement in the constitution. Furthermore, our precedent recognizes that the

---

[115] See, e.g., Ark. Code Ann. § 16-93-303 (2006); Colo. Rev. Stat. Ann. § 19-2.5-1003 (West Supp. 2023); Del. Code Ann. tit. 16, § 4767 (Supp. 2012); Ga. Code Ann. § 16-13-2 (2007); Haw. Rev. Stat. §§ 712-1255 and 853-1 (2014); 720 Ill. Comp. Stat. Ann. §§ 550/10, 570/410, and 646/70 (LexisNexis Cum. Supp. 2009); Mich. Comp. Laws Ann. §§ 750.350a and 750.451c (West Cum. Supp. 2023); Minn. Stat. § 152.18 (2022); N.M. Stat. Ann. § 30-31-28 (Cum. Supp. 2008); N.C. Gen. Stat. § 14-50.29 (Supp. 2008); N.D. Cent. Code 12.1-32-07.1 (Supp. 2017); 22 Okla. St. Ann. tit. 22, §§ 991c (West Cum. Supp. 2024) and 996.3 (West 2021); S.C. Code Ann. § 44-53-450 (Cum. Supp. 2011); S.D. Codified Laws § 23A-27-53 (Cum. Supp. 2023); Tenn. Code Ann. §§ 37-1-702 (2001) and 40-35-313 (Supp. 2009); Tex. Code Crim. Proc. Ann. art. 45.051 (Cum. Supp. 2023); Va. Code Ann. §§ 18.2-57.3 and 18.2-251 (Supp. 2009) and 19.2-303.2 (2008); Wash. Rev. Code Ann. §§ 3.50.320. and 3.66.067 (West 2017); W. Va. Code Ann. § 60A-4-407 (LexisNexis 2005); Wis. Stat. Ann. § 961.47 (West 2023); Wyo. Stat. Ann. §§ 7-13-301 and 7-20-103 (2013).

[116] See 18 U.S.C. § 3607 (2018).

role of the prosecutor, and its executive function, is severely diminished upon a finding of guilt.

For example, in criminal prosecutions, the withdrawal of a rest by the prosecution in its case at trial is within the discretion of the trial court.[117] Similarly, before sentencing, it is a matter of the court's discretion whether to sustain a motion of a defendant to withdraw a plea of guilt or no contest that has been accepted by the court.[118] The court's discretion is not curtailed by an objection to the withdrawal by the prosecution.[119]

[22,23] In addition, while the prosecutor may participate in the sentencing proceedings, the prosecutor may not control or decide what a guilty offender's punishment shall be.[120] In Nebraska, a court is never bound by the plea agreement made between a defendant and the government.[121] The discretion to determine the appropriate sentence is vested in the judiciary.[122] We have refused to hold otherwise specifically because it would constitute a transfer of a function of the court to the prosecutor.[123] In Nebraska, after a criminal defendant is

[117] See, *State v. Stricklin*, 290 Neb. 542, 861 N.W.2d 367 (2015); *State v. Putnam*, 178 Neb. 445, 133 N.W.2d 605 (1965); *Kurpgeweit v. State*, 97 Neb. 713, 151 N.W. 172 (1915); *Clough v. The State*, 7 Neb. 320 (1878).

[118] See, *State v. Boone*, 314 Neb. 622, 992 N.W.2d 451 (2023); *State v. Warner*, 312 Neb. 116, 977 N.W.2d 904 (2022); *State v. Miller*, 202 Neb. 443, 275 N.W.2d 614 (1979); *Jurgenson v. State*, 166 Neb. 111, 88 N.W.2d 129 (1958).

[119] See *id.*

[120] See *State v. Lotter*, 255 Neb. 456, 586 N.W.2d 591 (1998) (quoting *State v. Dykes*, 163 Ariz. 581, 789 P.2d 1082 (Ariz. App. 1990)), *modified on denial of rehearing* 255 Neb. 889, 587 N.W.2d 673 (1999).

[121] *State v. Landera*, 285 Neb. 243, 826 N.W.2d 570 (2013). See *State v. Gonzalez-Faguaga*, 266 Neb. 72, 662 N.W.2d 581 (2003).

[122] *Id.*

[123] See *State v. Griger, supra* note 88.

found guilty of an offense, it is then solely the role of the judiciary to sentence the defendant.[124]

[24] The Nebraska Constitution expressly provides that it is a judicial function to "admit persons charged with felony to a plea of guilty and pass such sentence as may be prescribed by law."[125] It follows that once a criminal defendant's guilt is established, control over the disposition of the criminal proceeding falls exclusively within the judiciary. For almost 60 years, deferred judgments existed in Nebraska under the 1913 Probation Act as a matter of judicial sentencing. In enacting 2019 Neb. Laws, L.B. 686, the Legislature has once again declared the law and public policy of this state to allow judges to exercise their sentencing discretion to defer judgment and impose a conditional order of probation before determining the final disposition of a criminal case.

The State has not pointed us to, nor have we found, any express or implied provision in the Nebraska Constitution that suggests a deferred judgment creates any impairment to the executive's function to faithfully execute the laws of this state. The deferred judgment statutes have no effect on a prosecutor's power to determine what, if any, charges should be brought against a person accused of committing a crime.

Although the State did not raise the argument, our dissenting colleagues also take the position that the deferred judgment statutes somehow run afoul of the executive power found in Neb. Const. art. IV, § 13, which gives the Board of Pardons the "power to remit fines and forfeitures and to grant respites, reprieves, pardons, or commutations in all cases of conviction for offenses against the laws of the state, except treason and cases of impeachment." But such a viewpoint runs against our precedent.

We have long held that the commutation power is not implicated unless a criminal sentence has been imposed and

---

[124] See Neb. Const. art. V, § 9. See, also, *State v. Lee, supra* note 90.

[125] Neb. Const. art. V, § 9.

a judgment of conviction entered.[126] The exercise of this power is an act of grace, which nullifies a judgment of conviction and exempts or fully relieves the individual from the punishment the law has inflicted.[127] Simply, until a judgment of conviction has been entered, nothing exists for the executive to nullify. This interpretation predated, and was not affected by, the 1919-20 Nebraska Constitutional Convention, nor by the 1969 constitutional amendment.

Likewise, in *State v. Spady*,[128] we held that the setting aside of a judgment of conviction under § 29-2264 is not a pardon or a "'partial pardon.'" We reasoned that in setting aside a judgment of conviction, the court does not substitute a milder punishment for that which was imposed. We recognized that a judgment of conviction cannot be set aside unless the offender was previously placed on probation or sentenced to a fine and that a setting aside does not nullify all the legal consequences that were imposed upon the offender. As we succinctly stated, "[t]he party is not exempted from the punishment imposed for the crime."[129]

Although the executive branch is constitutionally able to relieve offenders from legal consequences, it does not follow that the executive branch has a constitutional interest in the imposition of legal consequences for those offenders chosen to be prosecuted. It is the Legislature that defines criminal conduct and fixes the boundaries of criminal punishment, which necessarily includes the nature of the penalty imposed. In enacting the deferred judgment statutes, the Legislature has provided offenders with the possibility to avoid civil penalties that the Legislature determined they should otherwise be subjected to.

---

[126] See *Campion v. Gillan*, 79 Neb. 364, 112 N.W. 585 (1907).

[127] See *id.* See, also, *State v. Spady, supra* note 41; *State v. Philipps, supra* note 101.

[128] See *State v. Spady, supra* note 41, 264 Neb. at 105, 645 N.W.2d at 543.

[129] *Id*. at 104, 645 N.W.2d at 543.

The Legislature has redefined the lower boundary of criminal punishment and left the determinations of whether a deferred judgment and, later, whether dismissal of the action is appropriate for an individual offender within the trial court's discretion. An offender whose judgment is deferred and is placed on probation, who successfully completes the conditions of probation and whose action is ultimately dismissed, is not exempted from the punishment the law inflicts[130]; rather, the individual has been subjected to all the punishment the law has required. In this way, as the deferred judgment statutes do not prevent or impair the executive branch from choosing which offenders to prosecute, it does not prevent or impair it from relieving the legal consequences of a crime when they are imposed upon those offenders.

The Legislature has defined deferred judgments as a possible corresponding punishment for a criminal violation. In doing so, it gave sentencing judges appropriate latitude to tailor individualized punishments to further the penal purpose of rehabilitation. Deferred judgments have been declared the law and a public policy of this state. Therefore, it is the responsibility and duty of the judicial branch to consider whether such a punishment is appropriate in each applicable case.

[25] Having found no constitutional inhibition against the kind, character, and purpose of § 29-2292, and having not had our attention directed to any such inhibitory provision or provisions, we conclude that the deferred judgment scheme enacted by the Legislature does not violate the separation of powers guaranteed in article II, § 1, of the Nebraska Constitution.

## VI. CONCLUSION

The district court erroneously concluded that it did not have jurisdiction and failed to consider whether a deferred judgment was appropriate in Gnewuch's case. Under § 29-2292,

---

[130] See *State v. Spady, supra* note 41. See *Campion v. Gillan, supra* note 126.

Gnewuch was entitled to the court's due consideration of his request for a deferred judgment. Hence, we reverse the district court's judgment, vacate Gnewuch's sentence, and remand the cause for the court to fulfill its duty to do so. In so doing, we make no statement as to whether a deferred judgment is appropriate in Gnewuch's case.

JUDGMENT REVERSED, SENTENCE VACATED, AND
CAUSE REMANDED FOR FURTHER PROCEEDINGS.

CASSEL, J., dissenting in part, and in part concurring in the result.

I join the portion of Justice Papik's dissenting opinion concluding that Neb. Rev. Stat. § 29-2292 (Cum. Supp. 2022) violates the Nebraska Constitution.

Unlike the situation in *Thompson v. Heineman*,[1] there is no doubt here that this court has jurisdiction. However, like in *Thompson*, there is not a supermajority of this court's members to declare the statute unconstitutional.[2] For that reason, I concur in the result reversing the district court's judgment, vacating the sentence, and remanding the cause for further proceedings.

_____

[1] *Thompson v. Heineman*, 289 Neb. 798, 857 N.W.2d 731 (2015) (Heavican, C.J., and Stephan and Cassel, JJ., dissenting in part, and in part concurring in the result).

[2] See Neb. Const. art. V, § 2.

PAPIK, J., dissenting in part.

A recently enacted Nebraska statute permits a judge to fully dismiss a filed criminal charge without a finding that the charge is legally or factually insufficient or that the prosecutor failed to comply with legal requirements. Because I believe it is a violation of the separation of powers clause of the Nebraska Constitution to give such power to the judicial branch, I would affirm the district court's decision to deny the motion for a deferred judgment in this case.

Certain fundamental principles do not appear to be in dispute in this case. Among those principles is the idea that under the separation of powers clause of the Nebraska Constitution, a statute may not delegate to one branch of government powers that the constitution delegates to another. See, e.g., *State v. Philipps*, 246 Neb. 610, 521 N.W.2d 913 (1994).

There also appears to be no dispute in this case that, at least generally speaking, the power to determine whether and what criminal charges should be brought against a person, and the power to dismiss those same charges once brought, is a prosecutorial power that rests with the executive branch. Indeed, one could hold otherwise only in the face of ample authority to the contrary. See, e.g., *United States v. Valle*, 697 F.2d 152, 154 (6th Cir. 1983) ("[t]he decision to maintain a prosecution is exclusively within the discretion of the executive branch of government"); *Newman v. United States*, 382 F.2d 479, 480 (D.C. Cir. 1967) ("[f]ew subjects are less adapted to judicial review than the exercise by the Executive of his discretion in deciding when and whether to institute criminal proceedings, or what precise charge shall be made, or whether to dismiss a proceeding once brought"); *State v. Morton*, 310 Neb. 355, 367, 966 N.W.2d 57, 66-67 (2021) ("[p]rosecutorial discretion is an inherent executive power under which the prosecutor has the discretion to choose to charge any crime that probable cause will support or, if the prosecutor chooses, not to charge the accused at all"); *People v. Dist. Ct.*, 186 Colo. 335, 339, 527 P.2d 50, 52 (1974) ("[a] prosecutor's discretion in charging, deferring or requesting dismissal is limited by pragmatic factors, but not by judicial intervention"). While the judicial branch obviously retains the power to dismiss charges as part of its adjudicative function, such as when charges are legally or factually insufficient or when there is an abuse of the prosecutorial function, it is the prosecution that can make the discretionary decision that charges should simply be dismissed. See *Valle*, 697 F.2d at 154 ("[t]he fundamental principle of separation of powers requires that the executive branch alone,

not the judiciary, wield the authority to dismiss prosecutions for reasons other than legal insufficiency or an abuse of the prosecutorial function").

It is these fundamental principles—that the Legislature is constitutionally prohibited from giving executive powers to the judiciary and that the power to dismiss charges outside of the adjudicative process is an executive power—that lead me to conclude Neb. Rev. Stat. § 29-2292 (Cum. Supp. 2022) is unconstitutional. As everyone involved in this case appears to accept, § 29-2292 provides an avenue for a court to dismiss, over the prosecution's objection, charges that are not legally or factually insufficient or the result of prosecutorial abuse. In fact, § 29-2292 goes even further, by allowing the court to dismiss charges that have been proved beyond a reasonable doubt. In my view, the statute thereby delegates to the judiciary powers belonging exclusively to the executive branch.

On this point, I find cogent and applicable the reasoning of the Kentucky Supreme Court in *Flynt v. Com.*, 105 S.W.3d 415 (Ky. 2003). Although there are some differences between § 29-2292 and the pretrial diversion statute at issue in *Flynt*, the court in *Flynt* determined that if the Kentucky pretrial diversion statute was interpreted to permit a defendant to participate in pretrial diversion without the consent of the prosecutor, it would allow a court to entirely dismiss charges over the prosecutor's objection and would thus confer upon the court "discretionary authority that we have previously held to be within the exclusive province of the executive branch." *Id.* at 426. I understand § 29-2292 to do the same: It delegates to the judiciary the power to dismiss charges outside of the court's adjudicative function and over the objection of the prosecution.

The court's controlling opinion offers a number of reasons why, despite the foregoing, § 29-2292 passes constitutional muster. The opinion mentions some prior use of some form of deferred sentencing in Nebraska and includes some discussion of deferred sentencing in a U.S. Supreme Court case, it

characterizes a judge's decision to defer judgment and to later dismiss charges as sentencing decisions, and it observes that there is nothing in the Nebraska Constitution that "requires a judgment of conviction to be entered upon a finding of guilt as a protection of executive power and its charging function." Respectfully, I am not persuaded by this analysis.

First, I do not believe much can be derived from the fact that Nebraska previously used some form of deferred sentencing. Although the 1913 Probation Act permitted courts to delay sentencing and place a defendant on probation, it is not clear that the same statute permitted courts to dismiss charges if that probation was successfully completed. And, even if courts could dismiss charges upon successful completion of probation under the 1913 Probation Act, the controlling opinion acknowledges there was no constitutional challenge to any such authority. I also glean little from the citation to *Roberts v. United States*, 320 U.S. 264, 64 S. Ct. 113, 88 L. Ed. 41 (1943). That case held that a federal district court could not sentence a defendant to a definite term of imprisonment, suspend the sentence and impose probation, and then later revoke probation and increase the term of imprisonment. I do not understand it to speak to the issues in this case.

I am likewise not persuaded by the controlling opinion's conclusion that when a court defers judgment or later dismisses charges entirely, it is merely making a sentencing decision. As recognized elsewhere in the same opinion, when a court defers judgment and places a defendant on probation under § 29-2264, it is not imposing a sentence, but is instead *deferring* entry of a sentence. Neither, in my view, can a court's ultimate dismissal of charges after successful completion of probation be fairly considered a sentencing decision: When a court dismisses charges, it imposes no sentence at all.

Finally, while the controlling opinion is correct that there is no specific provision in the Nebraska Constitution stating that a judgment of conviction must be entered upon a finding of guilt, I do not believe we can reduce our separation of

powers analysis to that question. The Nebraska Constitution does include an express separation of powers provision. And, for reasons I have explained, I believe a statute that gives the judicial branch the authority to dismiss charges for reasons other than factual or legal insufficiency or prosecutorial abuse violates that provision by delegating executive power to the judiciary.

A piece of legislative history cited by the controlling opinion suggests that, for at least some, § 29-2292 was seen as a means by which certain criminal offenders who successfully complete probation could avoid the stigma of a criminal conviction. That is an understandable policy goal, but, in my view, accomplished at the expense of the Nebraska Constitution. Under the Constitution, the executive branch has the power to decide not to pursue criminal charges or to dismiss charges already filed. Section 29-2292, however, allows a judge to unilaterally decide that, although a defendant's guilt has been proved, the charge should be dismissed. Because I believe this violates the Nebraska Constitution, I dissent from the controlling opinion concluding otherwise. I recognize, however, that under Neb. Const. art. V, § 2, there are an insufficient number of judges to hold the statute unconstitutional and thus do not question the reversal and remand for further proceedings.

Funke and Freudenberg, JJ., join in this dissent.

Freudenberg, J., dissenting.

I fully join in Justice Papik's dissent and write separately to highlight an additional basis of constitutional concern regarding the judicial branch's trespass upon an implicitly created exclusive executive branch function.

The separation of powers clause found in Neb. Const. art. II, § 1 provides:

> The powers of the government of this state are divided into three distinct departments, the legislative, executive, and judicial, and no person or collection of persons being one of these departments shall exercise any power

properly belonging to either of the others except as [oth-erwise] expressly directed or permitted . . . .

This language "prohibits one branch of government from encroaching on the duties and prerogatives of the others or from improperly delegating its own duties and prerogatives."[1] It is the beam from which our system of checks and balances is suspended.[2]

Article IV, § 13, of the Nebraska Constitution entrusts the clemency power exclusively in the executive branch of government.[3] Under article IV, § 13, "[t]he Governor, Attorney General and Secretary of State, sitting as a board, shall have power to remit fines and forfeitures and to grant respites, reprieves, pardons, or commutations in all cases *of conviction* for offenses against the laws of the state, except treason and cases of impeachment." (Emphasis supplied.)

We have said that a pardon is an act of grace, proceeding from the power entrusted with the execution of the laws, which exempts the individual on whom it is bestowed from the punishment the law inflicts for a crime that individual has committed and affects only the public interest in the conviction.[4] We have held that finding a person guilty by a verdict of a jury is not a conviction within the meaning of article IV, § 13,[5] even though it might be considered a conviction in a general sense in ordinary speech.[6] The executive branch can pardon only after conviction.[7] It cannot disrupt the orderly

---

[1] *State ex rel. Spire v. Conway*, 238 Neb. 766, 773, 472 N.W.2d 403, 408 (1991).

[2] *Polikov v. Neth*, 270 Neb. 29, 699 N.W.2d 802 (2005).

[3] *Otey v. State*, 240 Neb. 813, 485 N.W.2d 153 (1992); *Pleuler v. The State*, 11 Neb. 547, 10 N.W. 481 (1881).

[4] *Campion v. Gillan*, 79 Neb. 364, 112 N.W. 585 (1907).

[5] *Id*.

[6] But see *Vandyke v. State*, 538 S.W.3d 561, 572 (Tex. Crim. App. 2017) ("'after conviction'" means "after the entry of a guilty verdict").

[7] See *Vandyke v. State, supra* note 6.

course of judicial proceedings.[8] Conversely, we have held that it violates separation of powers for the judiciary to grant clemency after a conviction or to reduce a sentence already imposed.[9] This understanding of when executive clemency begins, and when the power of the judiciary ends, envisions an orderly course of judicial proceedings that Neb. Rev. Stat. § 29-2292 (Cum. Supp. 2022) intentionally circumvents.

Through § 29-2292, the Legislature has created a process of judicial clemency artificially structured to avoid overlap with the exclusive executive clemency power mandated by the Nebraska Constitution. Section 29-2292(1) allows courts to halt the ordinary process of a criminal case and, despite a "finding of guilt for which a judgment of conviction may be rendered," never enter a judgment of conviction. Despite a finding of guilt for which a judgment of conviction may be rendered, it dismisses the action brought by the State.

At the same time, as the controlling opinion states, the "offender does not escape all criminal punishment." The statutory scheme permits the trial court to deprive the defendant of liberty without ever entering a judgment of conviction. To sentence a defendant for a crime for which the defendant has not been convicted is a violation of due process that "no amount of . . . balancing can excuse."[10] But the majority distinguishes between punishment and a sentence, and the defendant enjoying deferred sentencing does not complain. While we traditionally have said that probation is a sentence, the controlling opinion reasons that under Neb. Rev. Stat. § 29-2246(4) (Cum. Supp. 2022), supervision ordered by a court pursuant to a deferred judgment is not a sentence.

---

[8] See *id.*

[9] See, *State v. Bainbridge*, 249 Neb. 260, 543 N.W.2d 154 (1996); *State v. Jones*, 248 Neb. 117, 532 N.W.2d 293 (1995); *State v. Philipps*, 246 Neb. 610, 521 N.W.2d 913 (1994).

[10] Christopher Nalls, *Bait and Switch: Criminal Sentencing From a Due Process Perspective*, 27 T. Jefferson L. Rev. 159, 161 (2004).

Deferred judgment under § 29-2292(1) merely "place[s]" the defendant on probation. Nevertheless, this placement of the defendant on probation is pursuant to inherent judicial powers of passing a sentence as may be prescribed by law.

I do not contest the majority's reading of the statutory scheme but find it abhorrent to permit such a convoluted legislative workaround to the mandates of our Constitution. The Legislature has created a conviction without a conviction and a sentence without a sentence to give the judicial branch the power to pardon a person who has been charged with and found guilty of a crime. Indeed, as "a pardon implies guilt and does not obliterate the fact of the commission of the crime and the conviction,"[11] by allowing a court to erase its prior finding of guilt and dismiss the case before a conviction, Nebraska's deferred judgment statutes grant greater clemency powers to the judiciary than what the Constitution exclusively confers to the executive branch. The statutory scheme of deferred judgments gives powers to the judiciary that our founders never intended the judiciary, or any branch of government, to have. It breaks the beam from which our system of checks and balances is suspended and should not be tolerated.

---

[11] *Vandyke v. State, supra* note 6, 538 S.W.3d at 574.